IN THE CIRCUIT COURT, FOURTEENTH JUDICIAL CIRCUIT
OF THE STATE OF FLORIDA, IN AND FOR WASHINGTON COUNTY

LEMUEL MCMILLAN,

    Plaintiff,

vs.                                  CASE NO.:  2012-CA-173

RICARDO HAY and
the Florida Department of Corrections,

    Defendants.

_____

## PLAINTIFF'S MOTION FOR LEAVE
## TO AMEND COMPLAINT

**COMES NOW** Lemuel McMillan by and through the undersigned counsel and

pursuant to Florida Rule of Civil Procedure 1.190 moves the Court for leave to amend

his complaint.  Specifically, Lemuel McMillan seeks to amend his complaint to add

additional defendants to the complaint along with additional counts  for damages.  A

copy of the proposed Amended Complaint is attached to this motion.

In support of the requested amendment, the undersigned would show the Court

that Florida Rules of Civil Procedure provide that "[l]eave of Court should be given

freely when justice so requires." According to Trawick's Florida's Practice and

Procedure, the "general principle is that amendment should be allowed until the

privilege to do so has been abused or the opposing party is prejudiced." Trawick's

Practice and Procedure Section 14-2 (1995).

This case has not yet been set for trial.  Neither side has taken any depositions.

The plaintiff, Lemuel McMillan, has not sought a previous amendment of his pleadings.

In sum, the requested amendment is not a repetitive abuse of the pleadings

process nor does it substantially prejudice the defendants.

**WHEREFORE**, the undersigned requests the Court to grant an Order permitting the plaintiff leave to file the amended pleadings.

PETERS & SCOON
Attorneys at Law

By:   /s/ Alvin L. Peters
Alvin L. Peters
Florida Bar No. 0473030
25 East 8th Street
Panama City, FL 32401
(850) 769-7825
Attorney for Plaintiff
Primary email address:  alvinpeters@knology.net
Secondary email addresses:    amandamcfann@knology.net
alvinpeters.pc@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing was furnished to Cecilia Bradley, Senior Assistant Attorney General, by electronic mail to cecilia.bradley@myfloridalegal.com and to Ricardo Hay, 1510 Virginia Avenue, Lynn Haven, Florida 32444 on this 10th day of May 2013.

/s/ Alvin L. Peters
ALVIN L. PETERS, ESQUIRE

LEMUEL MCMILLAN,

      Plaintiff,

v.                      Case No.:  2012-CA-173

FLORIDA DEPARTMENT OF CORRECTIONS,
an Agency of the State of Florida,
SAM CULPEPPER, in his individual capacity,
RICHARD COMERFORD, in his individual capacity,
JOSEPH MAURER, in his individual capacity, and
RICARDO HAY, in his individual capacity,

      Defendants.

_____/

## AMENDED COMPLAINT
### and
### <u>JURY DEMAND</u>

Plaintiff, LEMUEL MCMILLAN, sues Defendants, FLORIDA DEPARTMENT OF CORRECTIONS, an Agency of the State of Florida, SAM CULPEPPER, RICHARD COMERFORD, JOSEPH MAURER, and RICARDO HAY, and alleges:

1.      This is an action for damages in excess of $15,000.

2.      Plaintiff, Lemuel McMillan, is over the age of 18 years old.  At all times material to this action, Lemuel McMillan was an inmate confined to Northwest Florida Reception Center, Chipley, Florida, a correctional facility owned and operated by Defendant Florida Department of Corrections.  Lemuel McMillan was not incarcerated at the time of the filing of this action.

3.      Defendant, Florida Department of Corrections (hereinafter "FDOC"), is an Agency of the State of Florida, subject to suit for negligence pursuant to Section 768.28 of the Florida Statutes.

4.     Defendant, Sam Culpepper, is a correctional official who, at all times material to this action, was the Warden of Northwest Florida Reception Center.  In his capacity as Warden, defendant Culpepper was responsible for the administration, operation and supervision of Northwest Florida Reception Center facilities and staff; the custody, control, supervision and protection of Northwest Florida Reception Center inmates; and the promulgation and enforcement of rules, regulations, policies and practices relevant to them.  Defendant Culpepper is sued in his individual capacity.

5.     Defendant, Richard Comerford, is a correctional official who, at all times material to this action, was an Assistant Warden at Northwest Florida Reception Center.  In his capacity as Assistant Warden, defendant Comerford was responsible for the security operations at Northwest Florida Reception Center under defendant Culpepper's supervision.  Additionally, defendant Comerford assisted defendant Culpepper with the administration, operation and supervision of Northwest Florida Reception Center facilities and staff; the custody, control, supervision and protection of Northwest Florida Reception Center inmates; and the promulgation and enforcement of rules, regulations, policies and practices relevant to them.  Defendant Comerford is sued in his individual capacity.

6.     Defendant, Joseph Maurer, is a correctional official who, at all times material to this action, was the Dormitory Sergeant for Housing Unit "A-Dorm" at Northwest Florida Reception Center.  In this capacity, Defendant Maurer was responsible for the administration, operation, and supervision of Housing Unit "A-Dorm," and the enforcement of rules, regulations, policies and practices relevant to them.  Defendant Maurer is sued in his individual capacity.

7.     Defendant, Ricardo Hay, is a correctional official who, at all times material to this action, was a correctional officer at Northwest Florida Reception Center. Defendant Hay is sued in his individual capacity.

8.     At all times material to this action, Lemuel McMillan (hereinafter "Lemuel"), was a prisoner subject to the custody and control of defendant FDOC. Lemuel was not incarcerated at the time of the filing of this action.

9.     Plaintiff has complied with all applicable pre-suit notice provisions of Section 768.28, Florida Statutes, and has exhausted any and all pre-suit requirements.

10.    Venue is proper in Washington County pursuant to Section 47.011, Florida Statutes.

### Factual Allegations

11.    Lemuel McMillan is a thirty-five year old male from Broward County, Florida. At the time that Lemuel was violently assaulted by defendant Hay, it was the first and only time that Lemuel had ever been incarcerated by the defendant FDOC, and he had been in the custody of the defendant FDOC since June 2008.

12.    On May 12, 2009, Lemuel was housed in Housing Unit "A-Dorm" at Northwest Florida Reception Center.

13.    On May 12, 2009, at all times material to this action, defendant Maurer was the Correctional Officer Sergeant assigned to supervise and oversee A-Dorm during the third staff shift, from 3:00 p.m. - 11:00 p.m.

14.    On May 12, 2009, at all times material to this action, defendant Hay was the Correctional Officer assigned to assist defendant Maurer with the supervision and oversight of A-Dorm during the third staff shift, from 3:00 p.m. - 11:00 p.m.

15.    At 4:20 p.m., defendant Maurer abandoned his post as Dormitory Sergeant of A-Dorm, and exited the dormitory for unknown reasons.

16.    Defendant Maurer did not return to A-Dorm until 7:00 p.m.

17.    During the time of defendant Maurer's absence, defendant Hay was left alone, unsupervised, with the inmates in A-Dorm for nearly three hours, until defendant Maurer returned at approximately 7:00 p.m.

18.    At approximately 6:00 p.m., defendant Hay ordered Lemuel to follow him into the laundry room of A-Dorm.  Following a command from an officer, Lemuel complied.

19.    There are no cameras or any other monitoring devices inside the laundry room of A-Dorm.

20.    Once inside the laundry room, defendant Hay locked the door and ordered Lemuel to get on his knees.

21.    When Lemuel refused, defendant Hay – who outweighed Lemuel by several inches and nearly 100 pounds – again ordered Lemuel to get on his knees, and threatened that "it would be worse later" if Lemuel refused.

22.    Fearing for his life, Lemuel complied with defendant Hay's orders and knelt in front of defendant Hay.

23.    Defendant Hay then unzipped his pants, forcefully grabbed the back of Lemuel's head, and violently sodomized Lemuel via oral penetration.

24.    After Defendant Hay had finished, he threatened to kill Lemuel if he told anyone what had happened.

25.    The next day, May 13, 2009, Lemuel reported the assault to a particular official at Northwest Florida Reception Center whom he trusted, and an investigation was initiated.

- 4 -

26.     On May 18, 2009, defendant Hay forwarded his resignation to defendant Culpepper at Northwest Florida Reception Center. It was accepted immediately.

27.     On August 9, 2010, DNA testing performed by the Florida Department of Law Enforcement (FDLE) conclusively determined that defendant Hay's DNA matched the DNA sample found on Lemuel's t-shirt from May 12, 2009.

28.     On September 28, 2010, defendant Hay was placed under arrest and charged with a first-degree felony count of sexual battery by a law enforcement officer.

29.     On March 18, 2013, defendant Hay entered a *nolo contendere* plea to the counts of felony battery and sexual misconduct with an inmate, and was sentenced to ten years of probation.

30.     Upon information and belief, prior to the violent assault by defendant Hay on Lemuel McMillan, defendant FDOC had received numerous complaints, grievances, and reports regarding staff violence, including, but not limited to sexual misconduct, at Northwest Florida Reception Center. Therefore, defendant FDOC was well aware that inmates, including Lemuel McMillan, were at a substantial risk of becoming the victim of an assault.

31.     Upon information and belief, prior to the violent assault by defendant Hay on Lemuel McMillan, defendant Culpepper was aware of and/or had received numerous complaints, grievances, and reports regarding staff violence, including, but not limited to sexual misconduct, at Northwest Florida Reception Center. Therefore, defendant Culpepper was well aware that inmates, including Lemuel McMillan, were at a substantial risk of becoming the victim of an assault.

32.     Upon information and belief, prior to the violent assault by defendant Hay on Lemuel McMillan, defendant Comerford was aware of and/or had received numerous

complaints, grievances, and reports regarding staff violence, including, but not limited to sexual misconduct, at Northwest Florida Reception Center. Therefore, defendant Comerford was well aware that inmates, including Lemuel McMillan, were at a substantial risk of becoming the victim of an assault.

33. Upon information and belief, prior to the violent assault by defendant Hay on Lemuel McMillan, defendant Maurer was aware of and/or had received numerous complaints, grievances, and reports regarding staff violence, including, but not limited to sexual misconduct, at Northwest Florida Reception Center. Therefore, defendant Maurer was well aware that inmates, including Lemuel McMillan, were at a substantial risk of becoming the victim of an assault.

34. As a result of the violent assault which occurred on May 12, 2009, Lemuel has suffered physical injury, severe emotional and mental distress, anxiety, humiliation, degradation, and loss of the enjoyment of life.

35. As a result of the violent assault which occurred on May 12, 2009, Lemuel has undergone psychological treatment and counseling.

### Count One – Sexual Battery by a Correctional Officer
### Defendant Florida Department of Corrections

36. Plaintiff repeats and realleges paragraphs one through thirty-three as if fully set forth herein.

37. This Count One is against defendant, Florida Department of Corrections, for the sexual battery by a correctional officer suffered by Lemuel McMillan while he was incarcerated by the defendant FDOC at Northwest Florida Reception Center.

38. Defendant Florida Department of Corrections acknowledged that its agents and employees, including defendant Ricardo Hay, were authorized to act for defendant Florida

- 6 -

Department of Corrections when they committed the acts alleged herein. Defendant Florida Department of Corrections' agents and employees, including defendant Ricardo Hay, accepted the undertaking of acting on behalf of defendant Florida Department of Corrections when they committed the acts alleged herein. Defendant Florida Department of Corrections had control over its agents and employees, including defendant Ricardo Hay, when they committed the acts alleged herein.

39.     The acts of defendant Florida Department of Corrections, its agents and employees, including defendant Ricardo Hay, were done while acting within the course and scope of their employ and/or agency with defendant Florida Department of Corrections. Thus, defendant Florida Department of Corrections is vicariously liable for the actions of its agents and employees, including defendant Ricardo Hay, when they committed the acts alleged herein.

40.     Defendant Ricardo Hay's actions, as alleged above, constitute a sexual battery by a correctional officer upon the person of plaintiff Lemuel McMillan, in violation of Florida law and the ethical rules of conduct relating to correctional officers applicable in the state of Florida.

41.     As a result of the sexual battery administered by defendant Hay against Lemuel McMillan, within the scope of defendant Hay's employ with defendant Florida Department of Corrections, Lemuel McMillan suffered severe emotional and mental distress, anxiety, humiliation, degradation, and loss of enjoyment of life.

WHEREFORE, on this Count One, Plaintiff Lemuel McMillan respectfully requests that this Court award him compensatory damages for the physical injury, severe emotional and mental distress, anxiety, humiliation, and degradation he has suffered; any and all other compensatory damages suffered; and such other and further relief as the Court deems just and equitable.

## Count Two – Negligence
## Defendant Florida Department of Corrections

42.    Plaintiff repeats and realleges paragraphs one through thirty-three as if fully set forth herein.

43.    This Count Two is against defendant, Florida Department of Corrections, for the negligent care and supervision of Lemuel McMillan while he was incarcerated at Northwest Florida Reception Center.

44.    Defendant Florida Department of Corrections acknowledged that its agents and employees were authorized to act for defendant Florida Department of Corrections when they committed the negligent acts alleged herein.  Defendant Florida Department of Corrections' agents and employees accepted the undertaking of acting on behalf of defendant Florida Department of Corrections when they committed the negligent acts alleged herein.  Defendant Florida Department of Corrections had control over its agents and employees when they committed the negligent acts alleged herein.

45.    The negligent acts of defendant Florida Department of Corrections, its agents and employees, were done while acting within the course and scope of their employ and/or agency with defendant Florida Department of Corrections.

46.    Defendant Florida Department of Corrections owed Lemuel McMillan a nondelegable duty to use reasonable care to ensure his safety.

47.    Defendant Florida Department of Corrections failed to perform its duty of using reasonable care to ensure Lemuel McMillan's safety.

48.    The care and supervision provided by defendant Florida Department of Corrections and its staff fell below the generally accepted standards in the community in:

- 8 -

a.      failing to provide Lemuel McMillan with adequate monitoring and observation despite knowledge of the propensity for staff and/or sexual assaults at the facility;

b.      failing to adequately monitor and supervise correctional staff at Northwest Florida Reception Center, including, but not limited to, defendants Culpepper, Maurer and Hay, despite knowledge of the propensity for staff and/or sexual assaults at the facility;

c.      failing to adequately train correctional staff at Northwest Florida Reception Center, including, but not limited to, defendants Culpepper, Maurer and Hay, regarding staff misconduct, including, but not limited to, sexual misconduct, despite knowledge of the propensity for staff and/or sexual assaults at the facility;

d.      failing to promulgate and/or enforce policies, practices and procedures designed to ensure that Northwest Florida Reception Center was complying with recommended and/or required inmate to staff ratios, despite knowledge of the propensity for staff and/or sexual assaults at the facility;

e.      failing to promulgate and/or enforce policies, practices and procedures designed to ensure that inmates, including Lemuel McMillan, would receive reasonably safe conditions of confinement, and be safe from staff and/or sexual assault, despite knowledge of the propensity for staff and/or sexual assaults at the facility.

49.      As a direct and proximate result of defendant Florida Department of Corrections' failure to perform its duty of using reasonable care to ensure Lemuel McMillan's safety, Lemuel McMillan was violently assaulted, and suffered grievous injury.

50.      Lemuel McMillan relied on defendant FDOC to ensure his own basic safety. As a result, defendant FDOC had an obligation to provide safe conditions of confinement that

included protecting Lemuel McMillan from a substantial risk of sexual assault from FDOC employees.

51.     Defendant Florida Department of Corrections was well aware that inmates, including Lemuel McMillan, were at a substantial risk of becoming the victim of an assault at Northwest Florida Reception Center. Therefore, it was reasonably foreseeable that harm would befall Lemuel McMillan either directly or indirectly as a result of the actions and omissions of defendant Florida Department of Corrections.

WHEREFORE, on this Count Two, Plaintiff Lemuel McMillan respectfully requests that this Court award him compensatory damages for the physical injury, severe emotional and mental distress, anxiety, humiliation, and degradation he has suffered; any and all other compensatory damages suffered; and such other and further relief as the Court deems just and equitable.

### Count Three – Negligence
### Defendant Sam Culpepper

52.     Plaintiff repeats and realleges paragraphs one through thirty-three as if fully set forth herein.

53.     This Count Three is against defendant, Sam Culpepper, for the negligent conduct, gross negligent conduct, and/or intentional actions or omissions taken with bad faith, malicious purpose and/or in a manner exhibiting wanton and willful disregard of human rights, safety, or property with respect to the care and supervision of Lemuel McMillan while he was incarcerated at Northwest Florida Reception Center.

54.     Lemuel McMillan was denied adequate care, custody and supervision while in the custody of defendant Culpepper.

55.     Defendant Culpepper owed Lemuel McMillan a nondelegable duty to use reasonable care to ensure his safety.

56.     Defendant Culpepper failed to perform his duty of using reasonable care to ensure Lemuel McMillan's safety.

57.     The care and supervision provided by defendant Culpepper and his staff fell below the generally accepted standards in the community, and rose to the level of constituting a clear and present danger, in:

a.      failing to provide Lemuel McMillan with adequate monitoring and observation despite knowledge of the propensity for staff and/or sexual assaults at the facility;

b.      failing to adequately monitor and supervise correctional staff at Northwest Florida Reception Center, including, but not limited to, defendants Comerford, Maurer and Hay, despite knowledge of the propensity for staff and/or sexual assaults at the facility;

c.      failing to adequately train correctional staff at Northwest Florida Reception Center, including, but not limited to, defendants Comerford, Maurer and Hay, regarding staff misconduct, including, but not limited to, sexual misconduct, despite knowledge of the propensity for staff and/or sexual assaults at the facility;

d.      failing to promulgate and/or enforce policies, practices and procedures designed to ensure that Northwest Florida Reception Center was complying with recommended and/or required inmate to staff ratios, despite knowledge of the propensity for staff and/or sexual assaults at the facility;

e.      failing to promulgate and/or enforce policies, practices and procedures designed to ensure that inmates, including Lemuel McMillan, would receive reasonably safe conditions of

confinement, and be safe from staff assault, despite knowledge of the propensity for staff and/or sexual assaults at the facility.

58. As a direct and proximate result of defendant Culpepper's failure to perform his duty of using reasonable care to ensure Lemuel McMillan's safety, Lemuel McMillan was violently assaulted, and suffered grievous injury.

59. Lemuel McMillan relied on defendant Culpepper to ensure his own basic safety. As a result, defendant Culpepper had an obligation to provide safe conditions of confinement that included protecting Lemuel McMillan from a substantial risk of sexual assault from defendant Culpepper's own staff.

60. Defendant Culpepper was well aware that inmates, including Lemuel McMillan, were at a substantial risk of becoming the victim of an assault at Northwest Florida Reception Center. Defendant Culpepper's actions and omissions were made consciously and voluntarily, and it was reasonably foreseeable that harm would befall Lemuel McMillan either directly or indirectly as a result of the actions and omissions of defendant Culpepper.

61. Defendant Culpepper acted with evil intent, malice, wantonness, and/or lucre when he committed the acts and omissions alleged herein.

WHEREFORE, on this Count Three, Plaintiff Lemuel McMillan respectfully requests that this Court award him compensatory damages for the physical injury, severe emotional and mental distress, anxiety, humiliation, and degradation he has suffered; any and all other compensatory damages suffered; and such other and further relief as the Court deems just and equitable.

## Count Four – Negligence
## Defendant Richard Comerford

62.     Plaintiff repeats and realleges paragraphs one through thirty-three as if fully set forth herein.

63.     This Count Four is against defendant, Richard Comerford, for the negligent conduct, gross negligent conduct, and/or intentional actions or omissions taken with bad faith, malicious purpose and/or in a manner exhibiting wanton and willful disregard of human rights, safety, or property with respect to the care and supervision of Lemuel McMillan while he was incarcerated at Northwest Florida Reception Center.

64.     Lemuel McMillan was denied adequate care, custody and supervision while in the custody of defendant Comerford.

65.     Defendant Comerford owed Lemuel McMillan a nondelegable duty to use reasonable care to ensure his safety.

66.     Defendant Comerford failed to perform his duty of using reasonable care to ensure Lemuel McMillan's safety.

67.     The care and supervision provided by defendant Comerford and his staff fell below the generally accepted standards in the community, and rose to the level of constituting a clear and present danger, in:

f.      failing to provide Lemuel McMillan with adequate monitoring and observation despite knowledge of the propensity for staff and/or sexual assaults at the facility;

g.      failing to adequately monitor and supervise correctional staff at Northwest Florida Reception Center, including, but not limited to, defendants Maurer and Hay, despite knowledge of the propensity for staff and/or sexual assaults at the facility;

h.      failing to adequately train correctional staff at Northwest Florida Reception Center, including, but not limited to, defendants Maurer and Hay, regarding staff misconduct, including, but not limited to, sexual misconduct, despite knowledge of the propensity for staff and/or sexual assaults at the facility;

i.      failing to promulgate and/or enforce policies, practices and procedures designed to ensure that Northwest Florida Reception Center was complying with recommended and/or required inmate to staff ratios, despite knowledge of the propensity for staff and/or sexual assaults at the facility;

j.      failing to promulgate and/or enforce policies, practices and procedures designed to ensure that inmates, including Lemuel McMillan, would receive reasonably safe conditions of confinement, and be safe from staff assault, despite knowledge of the propensity for staff and/or sexual assaults at the facility.

68.      As a direct and proximate result of defendant Comerford's failure to perform his duty of using reasonable care to ensure Lemuel McMillan's safety, Lemuel McMillan was violently assaulted, and suffered grievous injury.

69.      Lemuel McMillan relied on defendant Comerford to ensure his own basic safety. As a result, defendant Comerford had an obligation to provide safe conditions of confinement that included protecting Lemuel McMillan from a substantial risk of sexual assault from defendant Comerford's own subordinate staff.

70.      Defendant Comerford was well aware that inmates, including Lemuel McMillan, were at a substantial risk of becoming the victim of an assault at Northwest Florida Reception Center. Defendant Comerford's actions and omissions were made consciously and voluntarily,

and it was reasonably foreseeable that harm would befall Lemuel McMillan either directly or indirectly as a result of the actions and omissions of defendant Comerford.

71.    Defendant Comerford acted with evil intent, malice, wantonness, and/or lucre when he committed the acts and omissions alleged herein.

WHEREFORE, on this Count Four, Plaintiff Lemuel McMillan respectfully requests that this Court award him compensatory damages for the physical injury, severe emotional and mental distress, anxiety, humiliation, and degradation he has suffered; any and all other compensatory damages suffered; and such other and further relief as the Court deems just and equitable.

### Count Five – Negligence
### Defendant Joseph Maurer

72.    Plaintiff repeats and realleges paragraphs one through thirty-three as if fully set forth herein.

73.    This Count Five is against defendant, Joseph Maurer, for the negligent conduct, gross negligent conduct, and/or intentional actions or omissions taken with bad faith, malicious purpose and/or in a manner exhibiting wanton and willful disregard of human rights, safety, or property with respect to the care and supervision of Lemuel McMillan while he was incarcerated at Northwest Florida Reception Center.

74.    Lemuel McMillan was denied adequate care, custody and supervision while in the custody of defendant Maurer.

75.    Defendant Maurer owed Lemuel McMillan a nondelegable duty to use reasonable care to ensure his safety.

76.    Defendant Maurer failed to perform his duty of using reasonable care to ensure Lemuel McMillan's safety.

77.     The care and supervision provided by defendant Maurer and his staff fell below the generally accepted standards in the community, and rose to the level of constituting a clear and present danger, in:

a.      failing to provide Lemuel McMillan with adequate monitoring and observation despite knowledge of the propensity for staff and/or sexual assaults at the facility;

b.      failing to adequately monitor and supervise correctional staff at Northwest Florida Reception Center, including, but not limited to, defendant Hay, despite knowledge of the propensity for staff and/or sexual assaults at the facility;

c.      failing to adequately train correctional staff at Northwest Florida Reception Center, including, but not limited to, defendant Hay, regarding staff misconduct, including, but not limited to, sexual misconduct, despite knowledge of the propensity for staff and/or sexual assaults at the facility;

d.      failing to enforce policies, practices and procedures designed to ensure that Northwest Florida Reception Center was complying with recommended and/or required inmate to staff ratios, despite knowledge of the propensity for staff and/or sexual assaults at the facility;

e.      failing to enforce policies, practices and procedures designed to ensure that inmates, including Lemuel McMillan, would receive reasonably safe conditions of confinement, and be safe from staff and/or sexual assault, despite knowledge of the propensity for staff and/or sexual assaults at the facility.

78.     As a direct and proximate result of defendant Maurer's failure to perform his duty of using reasonable care to ensure Lemuel McMillan's safety, Lemuel McMillan was violently assaulted, and suffered grievous injury.

79.     Lemuel McMillan relied on defendant Maurer to ensure his own basic safety. As a result, defendant Maurer had an obligation to provide safe conditions of confinement that included protecting Lemuel McMillan from a substantial risk of sexual assault from defendant Maurer's own subordinate staff.

80.     Defendant Maurer was well aware that inmates, including Lemuel McMillan, were at a substantial risk of becoming the victim of an assault at Northwest Florida Reception Center. Defendant Maurer's actions and omissions were made consciously and voluntarily, and it was reasonably foreseeable that harm would befall Lemuel McMillan either directly or indirectly as a result of the actions and omissions of defendant Maurer.

81.     Defendant Maurer acted with evil intent, malice, wantonness, and/or lucre when he committed the acts and omissions alleged herein.

WHEREFORE, on this Count Five, Plaintiff Lemuel McMillan respectfully requests that this Court award him compensatory damages for the physical injury, severe emotional and mental distress, anxiety, humiliation, and degradation he has suffered; any and all other compensatory damages suffered; and such other and further relief as the Court deems just and equitable.

### Count Six – 42 U.S.C. § 1983
### Defendant Sam Culpepper

82.     Plaintiff repeats and realleges paragraphs one through thirty-three as if fully set forth herein.

83.     Plaintiff's claim for relief on this Count Six is predicated upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured by the Eighth and Fourteenth Amendments to the U.S. Constitution and

the laws of the United States, and upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983.

84.     At all times material to this action, defendant Culpepper was employed by defendant FDOC. All actions performed by defendant Culpepper were done under color of state law and constitute state action.

85.     Prior to the violent assault by defendant Hay on Lemuel McMillan, defendant Culpepper was aware of and/or had received numerous complaints, grievances, and reports regarding staff violence at Northwest Florida Reception Center, including, but not limited to, sexual misconduct.

86.     With full knowledge of the propensity for staff assaults at Northwest Florida Reception Center, including, but not limited to, sexual misconduct, and with complete knowledge of Lemuel McMillan's need for adequate monitoring and observation, defendant Culpepper deliberately disregarded the immediate and serious threat to Lemuel McMillan's safety and well-being, and exhibited deliberate and callous indifference in intentionally and knowingly failing to take action to provide Lemuel McMillan with such needed monitoring or observation.

87.     With full knowledge of the propensity for staff assaults at Northwest Florida Reception Center, including, but not limited to, sexual misconduct, defendant Culpepper deliberately disregarded the immediate and serious threat to Lemuel McMillan's safety and well-being, and exhibited deliberate and callous indifference in intentionally and knowingly failing to take action to adequately monitor and supervise correctional staff at Northwest Florida Reception Center, including, but not limited to, defendants Comerford, Maurer and Hay, despite knowledge of the propensity for staff and/or sexual assaults at the facility.

88.    With full knowledge of the propensity for staff assaults at Northwest Florida Reception Center, including, but not limited to, sexual misconduct, defendant Culpepper deliberately disregarded the immediate and serious threat to Lemuel McMillan's safety and well-being, and exhibited deliberate and callous indifference in intentionally and knowingly failing to adequately train correctional staff at Northwest Florida Reception Center, including, but not limited to, defendants Comerford, Maurer and Hay, regarding staff misconduct, including, but not limited to, sexual misconduct, despite knowledge of the propensity for staff and/or sexual assaults at the facility.

89.    With full knowledge of the propensity for staff assaults at Northwest Florida Reception Center, including, but not limited to, sexual misconduct, defendant Culpepper deliberately disregarded the immediate and serious threat to Lemuel McMillan's safety and well-being, and exhibited deliberate and callous indifference in intentionally and knowingly failing to promulgate and/or enforce policies, practices and procedures designed to ensure that Northwest Florida Reception Center was complying with recommended and/or required inmate to staff ratios, despite knowledge of the propensity for staff and/or sexual assaults at the facility.

90.    With full knowledge of the propensity for staff assaults at Northwest Florida Reception Center, including, but not limited to, sexual misconduct, defendant Culpepper deliberately disregarded the immediate and serious threat to Lemuel McMillan's safety and well-being, and exhibited deliberate and callous indifference in intentionally and knowingly failing to promulgate and/or enforce policies, practices and procedures designed to ensure that inmates, including Lemuel McMillan, would receive reasonably safe conditions of confinement, and be safe from staff assault, despite knowledge of the propensity for staff and/or sexual assaults at the facility.

91.    In light of the aforementioned, Lemuel McMillan suffered from both an objectively and subjectively substantial risk of serious harm while under the custody and supervision of defendant Culpepper; and defendant Culpepper reacted to this risk in an objectively and subjectively unreasonable manner.

92.    It is more likely than not that the failures of defendant Culpepper as alleged above were the cause of Lemuel McMillan's injuries.

93.    Defendant Culpepper acted with evil intent, malice, wantonness, and/or lucre when he committed the acts and omissions alleged herein.

WHEREFORE, on this Count Six, as a result of defendant Culpepper's violation of the Eighth and Fourteenth Amendments to the U.S. Constitution, Plaintiff Lemuel McMillan respectfully requests that this Court award him compensatory damages for the physical injury, severe emotional and mental distress, anxiety, humiliation, and degradation he has suffered; any and all other compensatory damages suffered; attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and such other and further relief as the Court deems just and equitable.

### Count Seven – 42 U.S.C. § 1983
### Defendant Richard Comerford

94.    Plaintiff repeats and realleges paragraphs one through thirty-three as if fully set forth herein.

95.    Plaintiff's claim for relief on this Count Seven is predicated upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured by the Eighth and Fourteenth Amendments to the U.S. Constitution and the laws of the United States, and upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983.

96. At all times material to this action, defendant Comerford was employed by defendant FDOC. All actions performed by defendant Comerford were done under color of state law and constitute state action.

97. Prior to the violent assault by defendant Hay on Lemuel McMillan, defendant Comerford was aware of and/or had received numerous complaints, grievances, and reports regarding staff violence at Northwest Florida Reception Center, including, but not limited to, sexual misconduct.

98. With full knowledge of the propensity for staff assaults at Northwest Florida Reception Center, including, but not limited to, sexual misconduct, and with complete knowledge of Lemuel McMillan's need for adequate monitoring and observation, defendant Comerford deliberately disregarded the immediate and serious threat to Lemuel McMillan's safety and well-being, and exhibited deliberate and callous indifference in intentionally and knowingly failing to take action to provide Lemuel McMillan with such needed monitoring or observation.

99. With full knowledge of the propensity for staff assaults at Northwest Florida Reception Center, including, but not limited to, sexual misconduct, defendant Comerford deliberately disregarded the immediate and serious threat to Lemuel McMillan's safety and well-being, and exhibited deliberate and callous indifference in intentionally and knowingly failing to take action to adequately monitor and supervise correctional staff at Northwest Florida Reception Center, including, but not limited to, defendants Maurer and Hay, despite knowledge of the propensity for staff and/or sexual assaults at the facility.

100. With full knowledge of the propensity for staff assaults at Northwest Florida Reception Center, including, but not limited to, sexual misconduct, defendant Comerford

deliberately disregarded the immediate and serious threat to Lemuel McMillan's safety and well-being, and exhibited deliberate and callous indifference in intentionally and knowingly failing to adequately train correctional staff at Northwest Florida Reception Center, including, but not limited to, defendants Maurer and Hay, regarding staff misconduct, including, but not limited to, sexual misconduct, despite knowledge of the propensity for staff and/or sexual assaults at the facility.

101. With full knowledge of the propensity for staff assaults at Northwest Florida Reception Center, including, but not limited to, sexual misconduct, defendant Comerford deliberately disregarded the immediate and serious threat to Lemuel McMillan's safety and well-being, and exhibited deliberate and callous indifference in intentionally and knowingly failing to promulgate and/or enforce policies, practices and procedures designed to ensure that Northwest Florida Reception Center was complying with recommended and/or required inmate to staff ratios, despite knowledge of the propensity for staff and/or sexual assaults at the facility.

102. With full knowledge of the propensity for staff assaults at Northwest Florida Reception Center, including, but not limited to, sexual misconduct, defendant Comerford deliberately disregarded the immediate and serious threat to Lemuel McMillan's safety and well-being, and exhibited deliberate and callous indifference in intentionally and knowingly failing to promulgate and/or enforce policies, practices and procedures designed to ensure that inmates, including Lemuel McMillan, would receive reasonably safe conditions of confinement, and be safe from staff assault, despite knowledge of the propensity for staff and/or sexual assaults at the facility.

103. In light of the aforementioned, Lemuel McMillan suffered from both an objectively and subjectively substantial risk of serious harm while under the custody and

supervision of defendant Comerford; and defendant Comerford reacted to this risk in an objectively and subjectively unreasonable manner.

104. It is more likely than not that the failures of defendant Comerford as alleged above were the cause of Lemuel McMillan's injuries.

105. Defendant Comerford acted with evil intent, malice, wantonness, and/or lucre when he committed the acts and omissions alleged herein.

WHEREFORE, on this Count Seven, as a result of defendant Comerford's violation of the Eighth and Fourteenth Amendments to the U.S. Constitution, Plaintiff Lemuel McMillan respectfully requests that this Court award him compensatory damages for the physical injury, severe emotional and mental distress, anxiety, humiliation, and degradation he has suffered; any and all other compensatory damages suffered; attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and such other and further relief as the Court deems just and equitable.

## Count Eight – 42 U.S.C. § 1983
### Defendant Joseph Maurer

106. Plaintiff repeats and realleges paragraphs one through thirty-three as if fully set forth herein.

107. Plaintiff's claim for relief on this Count Eight is predicated upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured by the Eighth and Fourteenth Amendments to the U.S. Constitution and the laws of the United States, and upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983.

108. At all times material to this action, defendant Maurer was employed by defendant FDOC. All actions performed by defendant Maurer were done under color of state law and constitute state action.

109. Prior to the violent assault by defendant Hay on Lemuel McMillan, defendant Maurer was aware of numerous complaints, grievances, and reports regarding staff violence at Northwest Florida Reception Center, including, but not limited to, sexual misconduct.

110. With full knowledge of the propensity for staff assaults at Northwest Florida Reception Center, including, but not limited to, sexual misconduct, and with complete knowledge of Lemuel McMillan's need for adequate monitoring and observation, defendant Mauer deliberately disregarded the immediate and serious threat to Lemuel McMillan's safety and well-being, and exhibited deliberate and callous indifference in intentionally and knowingly failing to take action to provide Lemuel McMillan with such needed monitoring or observation.

111. With full knowledge of the propensity for staff assaults at Northwest Florida Reception Center, including, but not limited to, sexual misconduct, defendant Maurer deliberately disregarded the immediate and serious threat to Lemuel McMillan's safety and well-being, and exhibited deliberate and callous indifference in intentionally and knowingly failing to take action to adequately monitor and supervise correctional staff at Northwest Florida Reception Center, including, but not limited to, defendant Hay, despite knowledge of the propensity for staff and/or sexual assaults at the facility.

112. With full knowledge of the propensity for staff assaults at Northwest Florida Reception Center, including, but not limited to, sexual misconduct, defendant Maurer deliberately disregarded the immediate and serious threat to Lemuel McMillan's safety and well-being, and exhibited deliberate and callous indifference in intentionally and knowingly failing to

adequately train subordinate correctional staff at Northwest Florida Reception Center, including, but not limited to, defendant Hay, regarding staff misconduct, including, but not limited to, sexual misconduct, despite knowledge of the propensity for staff and/or sexual assaults at the facility.

113. With full knowledge of the propensity for staff assaults at Northwest Florida Reception Center, including, but not limited to, sexual misconduct, defendant Maurer deliberately disregarded the immediate and serious threat to Lemuel McMillan's safety and well-being, and exhibited deliberate and callous indifference in intentionally and knowingly failing to enforce policies, practices and procedures designed to ensure that Northwest Florida Reception Center was complying with recommended and/or required inmate to staff ratios, despite knowledge of the propensity for staff and/or sexual assaults at the facility.

114. With full knowledge of the propensity for staff assaults at Northwest Florida Reception Center, including, but not limited to, sexual misconduct, defendant Mauer deliberately disregarded the immediate and serious threat to Lemuel McMillan's safety and well-being, and exhibited deliberate and callous indifference in intentionally and knowingly failing to enforce policies, practices and procedures designed to ensure that inmates, including Lemuel McMillan, would receive reasonably safe conditions of confinement, and be safe from staff and/or sexual assault, despite knowledge of the propensity for staff and/or sexual assaults at the facility.

115. In light of the aforementioned, Lemuel McMillan suffered from both an objectively and subjectively substantial risk of serious harm while under the custody and supervision of defendant Maurer; and defendant Maurer reacted to this risk in an objectively and subjectively unreasonable manner.

116.   It is more likely than not that the failures of defendant Maurer as alleged above were the cause of Lemuel McMillan's injuries.

117.   Defendant Maurer acted with evil intent, malice, wantonness, and/or lucre when he committed the acts and omissions alleged herein.

WHEREFORE, on this Count Eight, as a result of defendant Maurer's violation of the Eighth and Fourteenth Amendments to the U.S. Constitution, Plaintiff Lemuel McMillan respectfully requests that this Court award him compensatory damages for the physical injury, severe emotional and mental distress, anxiety, humiliation, and degradation he has suffered; any and all other compensatory damages suffered; attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and such other and further relief as the Court deems just and equitable.

### Count Nine – 42 U.S.C. § 1983
### Defendant Ricardo Hay

118.   Plaintiff repeats and realleges paragraphs one through thirty-three as if fully set forth herein.

119.   Plaintiff's claim for relief on this Count Nine is predicated upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured by the Eighth and Fourteenth Amendments to the U.S. Constitution and the laws of the United States, and upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983.

120.   At all times material to this action, defendant Hay was employed by defendant FDOC. All actions performed by defendant Hay were done under color of state law and constitute state action.

116. It is more likely than not that the failures of defendant Maurer as alleged above were the cause of Lemuel McMillan's injuries.

117. Defendant Maurer acted with evil intent, malice, wantonness, and/or lucre when he committed the acts and omissions alleged herein.

WHEREFORE, on this Count Eight, as a result of defendant Maurer's violation of the Eighth and Fourteenth Amendments to the U.S. Constitution, Plaintiff Lemuel McMillan respectfully requests that this Court award him compensatory damages for the physical injury, severe emotional and mental distress, anxiety, humiliation, and degradation he has suffered; any and all other compensatory damages suffered; attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and such other and further relief as the Court deems just and equitable.

## Count Nine – 42 U.S.C. § 1983
### Defendant Ricardo Hay

118. Plaintiff repeats and realleges paragraphs one through thirty-three as if fully set forth herein.

119. Plaintiff's claim for relief on this Count Nine is predicated upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured by the Eighth and Fourteenth Amendments to the U.S. Constitution and the laws of the United States, and upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983.

120. At all times material to this action, defendant Hay was employed by defendant FDOC. All actions performed by defendant Hay were done under color of state law and constitute state action.

121. As a result of the sexual assault administered by defendant Hay against Lemuel McMillan, Lemuel McMillan suffered severe emotional and mental distress, anxiety, humiliation, and degradation.

122. The force used against Lemuel McMillan by defendant Hay was used intentionally to inflict pain and injury, and not for any lawful purpose.

123. At no time did Lemuel McMillan engage in any action that would justify the use of force, let alone the excessive force described above.

124. Defendant Hay, with full knowledge of the unconstitutional nature of his actions, used excessive and unjustified force maliciously and sadistically for the very purpose of causing harm. Such force was not used in a good-faith effort to restore order, maintain discipline, or for any other legitimate penological reason.

WHEREFORE, on this Count Nine, as a result of defendant Hay's violation of the Eighth and Fourteenth Amendments to the U.S. Constitution, Plaintiff Lemuel McMillan respectfully requests that this Court award him compensatory damages for the physical injury, severe emotional and mental distress, anxiety, humiliation, and degradation he has suffered; any and all other compensatory damages suffered; attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and such other and further relief as the Court deems just and equitable.

## Jury Trial Demand

Plaintiff demands trial by jury.

Respectfully submitted,

/s/ Alvin L. Peters
Alvin L. Peters, Esq.
Florida Bar No. 473030
Peters & Scoon
25 East 8th Street
Panama City, FL 32401
(850) 769-7825
(850) 215-0963 (fax)
alvinpeters@knology.net
amandamcfann@knology.net

/s/ Joshua A. Glickman
Joshua A. Glickman, Esquire
Florida Bar No.: 43994
josh@sjlawcollective.com
/s/ Shawn A. Heller
Shawn A. Heller, Esquire
Florida Bar No. 46346
shawn@sjlawcollective.com

Social Justice Law Collective, PL
P.O. Box 70327
Washington, DC 20024
(202) 709-5744
(866) 893-0416 (Fax)

Attorneys for the Plaintiff