**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

Case No. 5:13-cv-00292-WS-GRJ

LEMUEL MCMILLAN,

      Plaintiff,

v.

FLORIDA DEPARTMENT OF CORRECTIONS,
an Agency of the State of Florida,
SAM CULPEPPER, in his individual capacity,
RICHARD COMERFORD, in his individual capacity,
DONNIE G. MAURER, in his individual capacity, and
RICARDO HAY, in his individual capacity,

      Defendants.
_____/

**PLAINTIFF'S <u>SECOND</u> MOTION TO COMPEL**
**DEFENDANT FLORIDA DEPARTMENT OF CORRECTIONS' RESPONSES**
**TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND**
**<u>FIRST REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

Plaintiff, by and through undersigned counsel, pursuant to Rules 33, 34 and 37, Federal

Rules of Civil Procedure, and Local Rule 26.2(B), Northern District of Florida, hereby again

moves to compel Defendant Florida Department of Corrections to properly and fully respond to

two sets of discovery requests to which Defendant Florida Department of Corrections has failed

to adequately respond in nearly nine (9) months.  In support, Plaintiff states the following:

1.      On June 14, 2013, Plaintiff served his First Set of Interrogatories and First

Request for Production of Documents (hereinafter the "Outstanding Discovery Requests") on

Defendant Florida Department of Corrections (hereinafter "FDOC").  Pursuant to Rules 33(b)

and 34(b), Federal Rules of Civil Procedure, Defendant FDOC's responses to Plaintiff's

Outstanding Discovery Requests were due to Plaintiff on July 15, 2013.

2.      On July 15, 2013, instead of responding to the Outstanding Discovery Requests, Defendant FDOC moved to stay all discovery in the case (D.E. 4-19).[1]  On October 1, 2013, Defendant FDOC submitted a Memorandum of Law in support of its Motion to Stay Discovery (D.E. 12), and Plaintiff submitted his Response on October 18, 2013 (D.E. 22).

3.      On October 21, 2013, this Court denied Defendant FDOC's Motion to Stay Discovery in its entirety (D.E. 23).  Specifically, the Court concluded, "that a resolution of the DOC's motion to dismiss would not necessarily dispose of the entire case against it.  The Complaint reflects that Plaintiff has alleged that the DOC itself acted negligently with regard to the conditions at NWFRC, independently of the actions of the corrections officer who perpetrated the assault.  On this record, the Court concludes that the DOC has not met its burden of showing good cause for a stay of discovery."  Order at 3 (emphasis added).

4.      On October 28, 2013, counsel for Plaintiff emailed Defendant FDOC and asked when he could expect responses to the Outstanding Discovery Requests in light of the Court's denial of the Defendant FDOC's Motion to Stay Discovery.  Counsel for Defendant FDOC replied that she would have a better idea the following week, and a subsequent telephone call was scheduled.

5.      On November 8, 2013, the Parties met telephonically for the purposes of discussing a discovery plan and the drafting of the Joint Scheduling Report.  Counsel for Plaintiff again asked Defendant FDOC when he could expect responses to the Outstanding Discovery Requests in light of the Court's denial of the Defendant FDOC's Motion to Stay Discovery.  In response, Counsel for Defendant FDOC stated that the Defendant FDOC and its technical

---

[1] Defendant FDOC removed this case to this Court from the Fourteenth Judicial Circuit of Washington County, Florida on August 30, 2013 (D.E. 1).

contractor was "overwhelmed" with discovery requests from other cases, and could not provide any timetable with regard to the long overdue responses to the Outstanding Discovery Requests other than that it would take Defendant FDOC "at least six (6) months" to respond to any discovery requests.

6.  On January 8, 2014, after repeated attempts to obtain the requested discovery from Defendant FDOC proved fruitless, Plaintiff filed his first motion to compel Defendant FDOC's responses to the Outstanding Discovery Requests (D.E. 38).

7.  On January 9, 2014, the Court held a telephonic scheduling conference and motion hearing regarding Plaintiff's Motion to Compel (D.E. 39).

8.  Following the hearing, the Court entered an Order granting Plaintiff's Motion to Compel (D.E. 40).  The Court ordered Defendant FDOC respond to the Outstanding Discovery Requests on or before January 29, 2014, and the remainder of the Motion to Compel regarding (1) the waiver of objections to the discovery requests and (2) the request for Rule 37 attorneys' fees and costs, on or before January 20, 2014.

9.  On January 29, 2014, counsel for Defendant FDOC emailed several electronic files to counsel for Plaintiff, which ostensibly contained documents responsive to the Outstanding Discovery Requests, although no formal responses to the Outstanding Discovery Requests were provided.  On that same date, counsel for defendant FDOC requested a two-day extension to produce the remainder of the discovery materials, due to "unusual weather in the area."  (D.E. 55).  Plaintiff did not oppose Defendant FDOC's extension request.

10.  On January 30, 2014, the Court granted Defendant FDOC's motion for a two-day extension.  (D.E. 56).  Defendant FDOC's responses to the Outstanding Discovery Requests were now due on or before January 31, 2014.

11.     On January 31, 2014, counsel for Defendant FDOC again emailed several electronic files to counsel for Plaintiff, which again ostensibly contained documents responsive to the Outstanding Discovery Requests, although still no formal responses to the Outstanding Discovery Requests were provided.  Additionally, counsel for Defendant FDOC again emailed counsel for Plaintiff and explained that certain files were too large to be sent electronically, and that those files would shortly be mailed to Plaintiff's counsel.

12.     On January 31, 2014, Defendant FDOC filed its formal responses to the Outstanding Discovery Requests with the Court, in direct contravention of Local Rule 26.2(A), N.D. Fla. (D.E. 57).

13.     On February 4, 2014, Defendant FDOC sent additional files responsive to the Outstanding Discovery Requests to counsel for Plaintiff via UPS.  Counsel for Plaintiff received these additional documents on February 7, 2014.

14.     On February 24, 2014, the undersigned counsel emailed counsel for Defendant FDOC, requesting dates that week that Defendant FDOC might be available to confer regarding issues related to Defendant FDOC's responses to the Outstanding Discovery Requests, including, among other things, the fact that Defendant FDOC's Responses to Interrogatories were not executed by a Party, that Defendant FDOC's responses contained no indication of which documents were responsive to which requests, that nearly half of the produced documents were merely duplicates of documents already produced, as well as the fact that the majority of the remainder of documents and information requested were simply not produced or provided.

15.     After exchanging emails on these issues and others, counsel for the parties met telephonically on March 3, 2014, to discuss issues related to Defendant FDOC's responses to the Outstanding Discovery Requests.  As a result of this conversation, counsel for Defendant FDOC

4

agreed to send the undersigned counsel amended responses to the Outstanding Discovery Requests, which would at the very least indicate which documents produced were responsive to which requests.  Similarly, counsel for Plaintiff agreed to send counsel for Defendant FDOC a list of documents and answers to Interrogatories which Plaintiff believed were responsive to the Outstanding Discovery Requests but not produced, in the form of a Motion to Compel which would be filed if Defendant FDOC's amended responses did not fully address Plaintiff's objections.

16.    To date, Plaintiff has still not received any amended responses to the Outstanding Discovery Requests.

17.    To date, nearly seven (9) months after initial service, over four (4) months after this Court's denial of Defendant FDOC's Motion to Stay Discovery, and over two (2) months after this Court's order compelling such responses and production, Defendant FDOC has still failed to fully and adequately respond to the Outstanding Discovery Requests, completely preventing Plaintiff from adequately pursuing discovery in this case.  Pursuant to Local Rule 26.2(B), N.D. Fla., Plaintiff has listed below each interrogatory or request for production to which objection is taken, Defendant FDOC's objection if applicable, and the reasons Plaintiff's Motion to Compel should be granted as to that request.[2]

18.    Because Defendant FDOC has repeatedly failed to respond to Plaintiff's Outstanding Discovery Requests, even after a Court Order compelling such production – and particularly given the egregious delay and conduct in this case – Plaintiff asks not only that the Court again order Defendant FDOC to immediately and fully respond to the Outstanding

---

[2] Plaintiff has created and attached an Index of the documents produced to date by the Defendant FDOC in response to the Outstanding Discovery Requests, for the Court's convenience, as Exhibit A.

Discovery Requests, but that the Court further properly find that Defendant FDOC has waived all objections with respect to the Outstanding Discovery Requests as well. *See Bailey Indus. v. CLJP, Inc.*, 270 F.R.D. 662, 668 (N.D. Fla. 2010) ("Thus, as a general rule, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived … [t]his is so even though a party had an objection to make.") (citing *Jaffe v. Grant*, 793 F.2d 1182, 1190 (11th Cir. 1986)); *Pitts v. Francis*, 2008 WL 2229524, *2 (N.D. Fla. 2008) (same); *Third Party Verification, Inc. v. SignatureLink, Inc.*, 2007 WL 1288361, *3 (M.D. Fla. 2007) (holding "[a] party who fails to file timely objections waives all objections, including those based on privilege or work product.") (internal citations omitted); *Deforest v. Johnny Chisholm Global Events, LLC*, 2009 U.S. Dist. LEXIS 126206, *12 (N.D. Fla. June 15, 2009) (same).

19.     Pursuant to Rule 37(a), Federal Rules of Civil Procedure, Plaintiff further requests his reasonable attorneys' fees and costs incurred in relation to this <u>second</u> Motion to Compel.[3]

20.     **Certificate of Counsel**.   Pursuant to Rule 37(a)(1), Federal Rules of Civil Procedure, and Local Rule 7.1(B), N.D. Fla., Plaintiff has, in good faith, attempted to confer with counsel for Defendant FDOC, and has been unable to agree on the relief stated herein.

---

[3] "FRCP 37(a)(5)(A) requires that when a court grants a motion to compel or when the requested discovery is provided after the filing of the motion, it must require the opposing party to pay the movant's reasonable expenses, including attorney's fees, unless the opposing party's nondisclosure was 'substantially justified' or 'other circumstances make an award of expenses unjust.'" *Chen v. Cayman Arts, Inc.*, 2011 WL 2491009, *5 (S.D. Fla. June 22, 2011).

Should the Court grant Plaintiff's request pursuant to Rule 37(a), Plaintiff will provide an affidavit describing the costs incurred, the number of attorneys' fees reasonably expended, and the attorneys' hourly rates.

## DISCUSSION

**INFORMATION REQUESTED IN PLAINTIFF'S FIRST SET OF INTERROGATORIES**

At the outset, Plaintiff would note that Defendant FDOC's Responses to Plaintiff's First Set of Interrogatories are signed only by counsel for Defendant FDOC, and have not been executed by any Party.  *See* Rule 33(b)(5), Federal Rules of Civil Procedure ("The person who makes the answers [to Interrogatories] must sign them, and the attorney who objects must sign any objections.").  This is the case even if multiple representatives of the responding party are involved in supplying answers to multiple requests for information, requiring multiple signatures, and Plaintiff requests that the Court order Defendant FDOC to produce properly executed Interrogatory responses.  *See Estrada v. Palm Beach Metro Transportation, LLC*, 2008 U.S. Dist. LEXIS 113590, 2008 WL 1995097, *1 (S.D. Fla. 2008) ("Federal Rule of Civil Procedure 33 clearly states that Interrogatory Responses must be signed 'under oath.'"); *see also Walls v. Paulson*, 250 F.R.D. 48, 52 (D.D.C. 2008) ("Rule 33(b)(5) could not be more clear: 'The person who makes [each] answer must sign them, and the attorney who objects must sign any objection.' … This requirement is critical because interrogatories serve not only as a discovery device but as a means of producing admissible evidence; there is no better example of an admission of a party opponent, which is admissible because it is not hearsay, than an answer to an interrogatory.").

A.     **Paragraph 1 of Plaintiff's First Set of Interrogatories**

<u>Interrogatory #1</u>:     Identify by name, title, current or last known address, and telephone number, every individual known to you, your employees, agents and/or contractors to have any knowledge of or to have taken any action concerning the May 12, 2009, incident which

is the subject of this lawsuit.  Please see Instructions and Definitions above for timeframe and the definition of documents.

<u>FDOC Response</u>:      See Inspector General's report which has been produced to Plaintiff's counsel.

<u>Discussion</u>:      If a responding party takes the position that the information responsive to an interrogatory is contained within a business record, that party has two choices: it can either provide a complete and separate written response to that interrogatory, or it may cite to and identify the specific page and paragraphs of each document the responding party claims is responsive.  *See Spadaro v. City of Miramar*, 2012 U.S. Dist. LEXIS 103278, *11 (S.D. Fla. July 25, 2012) ("the Court nonetheless agrees with Judge Seltzer's conclusion that [the responding party] must either provide a complete written response for each interrogatory or cite to specific page and paragraphs of each document he claims is responsive."); *see also Covad Communications Co. v. Revonet, Inc.*, 258 F.R.D. 17, 20 (D.D.C. 2009) ("…even if it were appropriate for Covad to answer the interrogatories by identifying Revonet's files, it would be required to specifically identify the documents that contain the answers.").  Here, Defendant FDOC has done neither.

In addition to the law cited above, Plaintiff would also note that even if Defendant FDOC amended its response to properly identify where in the Inspector General's report Defendant FDOC claims such information is located, such a response would still be inadequate, as the Inspector General's report does not identify the last known address, telephone number, or any other contact information for any individual identified, as requested in the Interrogatory.

B.     **Paragraph 2 of Plaintiff's First Set of Interrogatories**

Interrogatory #2:     For each individual you identify in response to Interrogatory Number One (1) above, set forth the knowledge you believe that person possesses or the action you believe the person took, and the date of the action.

FDOC Response:     See Inspector General's report.

Discussion:     Plaintiff hereby incorporates by reference his response to Interrogatory #1. Defendant FDOC must either provide a complete and separate written response to the interrogatory, or cite to and identify the specific page and paragraphs of each document Defendant FDOC claims is responsive.

C.     **Paragraph 3 of Plaintiff's First Set of Interrogatories**

Interrogatory #3:     Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit?  If so, state the full name and address of each such person or entity, the basis for your contention, the facts or evidence upon which your contention is based and whether or not you have notified each person or entity of your contention.

FDOC Response:     Officer Hay entered a plea to the criminal charge involved. Plaintiff's statement to the Investigator was that the officer took him into a secluded area and told him not to tell anyone after the incident.

Discussion:     Defendant FDOC's response is simply unresponsive.  As noted repeatedly by Plaintiff and even by the Court during this action, "the Complaint reflects that Plaintiff has alleged that the DOC itself acted negligently with regard to the conditions at NWFRC, independently of the actions of the correctional officer who perpetrated the assault."  *See* Order (D.E. 38) at 3.  Thus, the fact that Defendant Hay has entered a plea to the criminal act at the

crux of this case does not answer the question of whether Defendant FDOC contends that any other person or entity may be liable for the negligence claims brought against the FDOC itself.

D.     **Paragraph 4 of Plaintiff's First Set of Interrogatories**

Interrogatory #4:     List the names and addresses of all persons who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

FDOC Response:     Defendants have knowledge as to the running of the institution, the training and their lack of knowledge of any problem with the officer involved.  See Inspector General's report also.

Discussion:     Defendant FDOC's response is again unresponsive.  In response to a request to list the names and addresses of certain persons with knowledge, the answer "Defendants" is unacceptable.  Finally, as to the repeated, general reference to the Inspector General's report, Plaintiff hereby incorporates by reference his response to Interrogatory #1.

E.     **Paragraph 5 of Plaintiff's First Set of Interrogatories**

Interrogatory #5:     Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, please state the name, current or last known address, and telephone number of each person who made the statement(s), the name, current or last known address, and telephone number of each person who heard it, and the date, time, place and substance of each statement.

FDOC Response:     See Inspector General's report.

Discussion:     Plaintiff incorporates by reference his response to Interrogatory #1. Defendant FDOC must either provide a complete and separate written response to the

interrogatory, or cite to and identify the specific page and paragraphs of each document Defendant FDOC claims is responsive.

F.     **Paragraph 7 of Plaintiff's First Set of Interrogatories**

<u>Interrogatory #7</u>:     Please state whether any claim for negligence or deliberate indifference in violation of the U.S. Constitution has ever been made against the Florida Department of Corrections or any employee of the Florida Department of Corrections wherein any claim was related to any action and/or inaction of Ricardo Hay, Sam Culpepper, and/or Donnie G. Maurer.  And if so, state as to each such claim the names of the parties, the claim (or case) number, the court where filed (if filed), the date of the alleged incident, the ultimate disposition of the claim (or lawsuit), and the name of your plaintiff's attorney, if any.

<u>FDOC Response</u>:     Overbroad and unlikely to lead to admissible evidence.

<u>Discussion</u>:     In his Complaint, Plaintiff has alleged that the "defendant FDOC had received numerous complaints, grievances, and reports regarding staff violence … at Northwest Florida Reception Center," and were thus well aware "that inmates, including Lemuel McMillan, were at a substantial risk of becoming the victim of an assault."  *See* Complaint at 5.  Defendant FDOC's knowledge of any claims for negligence or deliberate indifference against the Defendants and/or other FDOC staff at NWFRC, made prior to the Plaintiff's assault on May 12, 2009, is clearly relevant as to Defendant FDOC's knowledge and failure to act.

Moreover, Defendant FDOC's overbroad and irrelevance objections are completely unsupported.  It is well known that "[a] party seeking discovery is merely required to make a threshold showing of relevance, which is more relaxed than the showing required for relevance in the context of admissibility.  The party resisting production of discovery bears the burden of establishing lack of relevancy or that complying with the request would be unduly burdensome.

11

The mere statement … that [an] interrogatory [or request for production] was overly broad, burdensome, oppressive [or] irrelevant is not adequate to voice a successful objection." *Heil v. Belle Starr Saloon & Casino, Inc.*, 2014 U.S. Dist. LEXIS 23560, *4-5 (D.S.D. Feb. 25, 2014) (citations omitted).  Further, "the fact that answering the interrogatories will require the objecting party to expand considerable time, effort and expense consulting, reviewing and analyzing huge volumes of documents and information is an insufficient basis to object." *Id.* at 5 (citing *Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 589, 593 (W.D.N.Y. 1996)).

  G. **Paragraph 9 of Plaintiff's First Set of Interrogatories**

  <u>Interrogatory #9</u>: State with sufficient detail what the policies and procedures are for investigating, handling, and/or responding to complaints and/or grievances, whether formal or informal, that relate in any way to staff violence, staff assaults, and/or incidents of violence between staff and inmates at Northwest Florida Reception Center.

  <u>FDOC Response</u>: See policies and procedures produced to Plaintiff's counsel on January 29.

  <u>Discussion</u>: Plaintiff incorporates by reference his response to Interrogatory #1. Defendant FDOC must either provide a complete and separate written response to the interrogatory, or cite to and identify the specific page and paragraphs of each document Defendant FDOC claims is responsive.

  H. **Paragraph 10 of Plaintiff's First Set of Interrogatories**

  <u>Interrogatory #10</u>: Please indicate whether you reported any incident involving Lemuel McMillan pursuant to the Prison Rape Elimination Act (PREA), and/or any other relevant Florida and/or Federal Statutes and/or laws, and the date(s) of any such report(s).

  <u>FDOC Response</u>: See Investigator's report.

<u>Discussion</u>:   Plaintiff incorporates by reference his response to Interrogatory #1. Defendant FDOC must either provide a complete and separate written response to the interrogatory, or cite to and identify the specific page and paragraphs of each document Defendant FDOC claims is responsive.

Further, Plaintiff believes that Defendant FDOC has intentionally failed to identify certain documents responsive to this request.  Section 4(a)(1) of the Prison Rape Elimination Act of 2003 (PREA) requires the Bureau of Justice Statistics (BJS) to "carry out, for each calendar year, a comprehensive review and analysis of the incidence and effects of prison rape."  42 U.S.C. 15603(a)(1).  As part of this review and analysis, the BJS created the National Prison Rape Statistics Program, which collects reports of sexual violence from the administrative records of correctional institutions, as well as from surveys of current and former inmates.  *See* Office of Justice Programs, Bureau of Justice Statistics website, "Prison Rape Elimination Act (Sexual Violence in Correctional Facilities)", http://www.bjs.gov/index.cfm?ty=tp&tid=20.  One of these audits is the Survey of Sexual Violence (SSV), which collects administrative data annually on the incidence of sexual victimization in adult and juvenile correctional facilities.  *Id*. The SSV requires all 50 state adult prison systems, including the Florida Department of Corrections, to submit documentation, annually, regarding such acts of sexual misconduct, in the form of a Form SSV-2 ("Survey of Sexual Violence").   *See* Exhibit B, Survey of Sexual Violence, 2012, Florida Department of Corrections.  Form SSV-2, which has been collected by the BJS since 2004, requires the FDOC to report on the total number of allegations of sexual misconduct, force or harassment per year, whether substantiated or not, in addition to other pieces of information about such allegations, such as the level of force used, the location where such force was alleged to have occur, and numerous other factors.  *See id.*  Further, for each

individual incident of sexual violence that has been substantiated – such as the sexual assault of Plaintiff by Defendant Hay – the FDOC is required to separately complete and submit an Incident Form (SSV-1A).  *See id.*  Defendant FDOC has produced none of this documentation.

Lastly, Defendant FDOC's own internal procedure regarding PREA – FDOC Procedure 602.052, "Prison Rape: Prevention, Detection, and Response" – requires each institution, within thirty (30) days of the conclusion of the investigation of any sexual assault or battery, to complete Form DC6-2076, "Sexual Abuse Incident Review/Facility Investigation Summary." *See* Exhibit C, FDOC Procedure 602.052 at 14.  Form DC6-2076 must be completed by a team consisting of the Assistant Warden, Chief of Security, and Classification Supervisor, and must (a) assess the adequacy of staffing levels in that area during different shifts; (b) consider whether the incident/allegation was motivated by race, ethnicity, LGBTI identification, gang affiliation, or other group dynamics; (c) examine the area that the incident allegedly occurred to assess whether physical barriers in the area may enable abuse; (d) assess whether monitoring technology should be deployed or augmented to supplement supervision by staff; and (e) on a monthly basis, prepare a report with recommendations for improvements, and submit to the PREA Coordinator.  *See id*.  This Summary, along with *all* of the case and investigation records regarding every allegation of sexual abuse, must be retained by the FDOC for *at least* ten (10) years after the date of the initial collection.  *See id*. at 13-14.  The relevancy of this information to Plaintiff's claims is unmistakable.   However, Defendant FDOC has produced no such documentation.

In response to this Interrogatory, Plaintiff asks that the Court compel Defendant FDOC to produce, at a minimum, the Form SSV-2 submitted by the FDOC regarding sexual misconduct which occurred in 2009 (the date of the incident), the Form SSV-1A submitted regarding

Defendant Hay's assault on the Plaintiff, the Form DC6-2076 completed following the conclusion of the FDOC's investigation of Defendant Hay's assault on the Plaintiff, all case and investigation records regarding Defendant Hay's assault on the Plaintiff (and not just the final Inspector General's Report), and any and all other documents and/or reports submitted pursuant to PREA's or the FDOC's own reporting requirements, or else state that Defendant FDOC failed to submit and/or create any such documents and/or reports.

I.       **Paragraph 11 of Plaintiff's First Set of Interrogatories**

Interrogatory #11:       Please describe, in detail, all safeguards employed by the FDOC to minimize staff violence, staff assaults, and/or incidents of violence between staff and inmates at Northwest Florida Reception Center.

FDOC Response:       See policies and procedures produced to Plaintiff's counsel.

Discussion:       Plaintiff incorporates by reference his response to Interrogatory #1. Defendant FDOC must either provide a complete and separate written response to the interrogatory, or cite to and identify the specific page and paragraphs of each document Defendant FDOC claims is responsive.

J.       **Paragraph 12 of Plaintiff's First Set of Interrogatories**

Interrogatory #12:       Please describe, in detail, the process through which the Department of Corrections monitors, assesses, supervises and/or evaluates staff assigned to supervise inmates at Northwest Florida Reception Center.

FDOC Response:       See policies and procedures which have been furnished to Plaintiff's counsel.  See also Officer Hays [sic] personnel file.

Discussion:       Plaintiff incorporates by reference his response to Interrogatory #1. Defendant FDOC must either provide a complete and separate written response to the

interrogatory, or cite to and identify the specific page and paragraphs of each document Defendant FDOC claims is responsive.

K. **Paragraph 13 of Plaintiff's First Set of Interrogatories**

Interrogatory #13:        Please indicate the total number of inmates at Northwest Florida Reception Center, by year, who complained of and/or filed formal and/or informal grievances regarding: (i) staff assaults and/or incidents of violence by staff; (ii) sexual assaults and/or incidents of sexual conduct between staff and inmates; and (iii) sexual assault.

FDOC Response:        Objection. Overbroad and unduly burdensome. Grievance appeals have been provided for a five-year period however, grievances filed by an inmate at the institution are placed in the inmate's file and not maintained in a separate database so it would require going through every inmate's file and would be unduly burdensome and unreliable and impact the institution's ability to perform their job duties.

Discussion:        At the outset, Plaintiff would note several deficiencies regarding Defendant FDOC's response. First, Defendant FDOC has not produced "grievance appeals" for a five-year period as stated in its response. Rather, Defendant FDOC has produced 25 formal grievances in total – and zero (0) informal grievances, as requested – from an eight (8) month range from June 2008 to February 2009. The date range of discovery requested, however, was January 1, 2000, to May 12, 2009 (the date of the incident). Additionally, Defendant FDOC has failed to submit an affidavit from a record custodian or any other evidence in support of its "unduly burdensome" objection, despite such documentation being required by law and repeatedly requested by counsel for Plaintiff. *See City of Ocala v. Safety Nat'l Cas. Corp.*, 2013 U.S. Dist. LEXIS 58738, *6-7 (M.D. Fla. Apr. 24, 2013) (citations omitted) ("The objecting party must do more than simply intone [the] familiar litany that the interrogatories are

16

burdensome, oppressive or overly broad.  Instead, the objecting party must show specifically how, despite the broad and liberal construction afforded the federal discovery rules … each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."); *see also AIG Centennial Ins. Co. v. O'Neill*, 2010 U.S. Dist. LEXIS 114148, *25-26 (S.D. Fla. Oct. 18, 2010) (citations omitted) ("This court only entertains an unduly burdensome objection when the responding party demonstrates how [discovery of] the document is overly broad, burdensome, or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden.").

Further, Plaintiff has reason to question the veracity of Defendant FDOC's response. Pursuant to Rule 33-103.006, F.A.C., the FDOC must maintain an Inspector General Office Log System Database (IGLOGS), which is "utilized to store and maintain log numbers, dates, responses, dispositions and other relevant data on <u>all</u> inmate formal grievances and appeals." (emphasis added).  *See id*. at (3)(b)(1)(e).  Rule 33-103.012, F.A.C., further requires that the FDOC maintain a Formal Grievance Log that contains a description of <u>every</u> formal grievance, direct grievance, or appeal filed, as well as an Informal Grievance Log, which operates identically for informal grievances filed at the institutional level.  *See id*.  Rule 33-103.016, F.A.C., in particular appears to run directly contrary to Defendant FDOC's response, as it requires that a copy of every formal grievance and response must be maintained in both the inmate file <u>and</u> the "grievance record log," and that a copy of every direct grievance and response must be maintained in both the inmate file <u>and</u> the "inmate grievance log" maintained by the FDOC's Bureau of Policy Management and Inmate Appeals.  *See id*.

Defendant FDOC has failed to produce any such logs or databases, and has failed to offer any explanation for its response which appears to be in contradiction of the law cited above.

L.     **Paragraph 14 of Plaintiff's First Set of Interrogatories**

Interrogatory #14:     Please indicate the name, formal title, and date of hire of the Warden and all Assistant Wardens at Northwest Florida Reception Center on May 12, 2009, and please indicate whether such individual is a current or former employee of the Florida Department of Corrections.  If a current employee, please indicate which institution he or she is presently working at.  If a former employee, please indicate his or her current address and telephone number.

FDOC Response:     In addition to the defendants, the other assistant warden was Gregory Mitchum who is no longer employed by the state so his contact information is not available to us at this time.  If we obtain contact information in the future, we will contact Plaintiff's counsel regarding this information.

Discussion:     Defendant FDOC's response is incomplete.   While the Interrogatory reasonably requests the name, formal title, and date of hire of the Warden and all Assistant Wardens on the date of Defendant Hay's assault on the Plaintiff, Defendant FDOC has responded with the name of one Assistant Warden, and does not include his formal title or date of hire.

M.     **Paragraph 17 of Plaintiff's First Set of Interrogatories**

Interrogatory #17:     Please set forth the full names and DOC numbers for all inmates who were housed in A-Dorm at Northwest Florida Reception Center on May 12, 2009.

FDOC Response:     There is no dorm run available.  There are informal logs used but they are destroyed within 30-60 days.  Housing information is maintained by inmate rather than by dorm.

<u>Discussion</u>:     Plaintiff notes several deficiencies regarding Defendant FDOC's response to this Interrogatory.   First, counsel for Defendant FDOC makes several claims regarding the availability of certain records, as well as the destruction of certain relevant records, however fails to have the response signed by any employee or agent of the Defendant FDOC, and similarly fails to provide an affidavit and/or any other evidence in support of its contention that such documents – undeniably relevant and central to the discovery of Plaintiff's claims – are either unavailable or have been destroyed.

Further, Plaintiff again has reason to question the veracity of Defendant FDOC's response.  In *Wolfe v. Florida Department of Corrections*, Case No. 5:10-cv-663-PRL (M.D. Fla. 2011), the plaintiff estate of a deceased inmate asked in an Interrogatory addressed to the FDOC to list the names and DOC numbers for all inmates who were housed in a particular dorm at the same institution - NWFRC - at a particular time on November 26, 2004 (five (5) years prior to Plaintiff McMillan's assault).  *See* Exhibit D, *Wolfe v. FDOC*, Case No. 5:10-cv-663-PRL (Doc. 85-1, "Defendant The Florida Department of Correction's [sic] Verified Responses to Plaintiff's Second Set of Interrogatories" at 4 (Aug. 30, 2012)).   On October 31, 2011, nearly seven (7) years after the date in question, the FDOC and its counsel were able to provide the attached list of inmates, DOC numbers, and bed assignments.  *See id*.

Defendant FDOC has here failed to produce any similar information, and has failed to offer any explanation for the inconsistency of its responses.

N.     **Paragraph 18 of Plaintiff's First Set of Interrogatories**

<u>Interrogatory #18</u>:     Please describe, in detail, how the incident involving Lemuel McMillan described in the complaint happened, including all actions taken by the FDOC, its

officers, representatives, affiliates, employees, agents, and all other persons acting or purporting to act on such party's behalf, to prevent the incident from occurring.

FDOC Response:    See Inspector's report and policies and procedures already provided to counsel.

Discussion:    Plaintiff incorporates by reference his response to Interrogatory #1. Defendant FDOC must either provide a complete and separate written response to the interrogatory, or cite to and identify the specific page and paragraphs of each document Defendant FDOC claims is responsive.

## INFORMATION REQUESTED IN
## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

At the outset, Plaintiff would note that Defendant FDOC has still failed to provide a single e-mail communication in response to Plaintiff's First Request for Production of Documents, despite such highly relevant and probative communications being clearly sought in multiple requests for production, and despite the lengthy discussion regarding such communications during the Court's January 9, 2014, motion hearing.[4]

---

[4] On March 3, 2014, counsel for Defendant FDOC and the undersigned counsel spoke on the telephone regarding these email communications. When asked about the status of the FDOC's technical contractor and its ability to search for emails responsive to the Outstanding Discovery Requests, counsel for Defendant FDOC stated that she had received "some emails," and that they were on a disk, but that the disk contained unresponsive emails in addition to those that were responsive. Additionally, counsel for Defendant FDOC stated that she could not provide undersigned counsel with the total number of emails purportedly collected, nor the total number of unresponsive emails contained on the disk. Regardless, and in an effort to move discovery forward, the undersigned counsel informed counsel for Defendant FDOC that it would accept both the responsive and unresponsive emails, and that Plaintiff would take on the burden of searching through the entirety of the e-mail communications produced. To date, Plaintiff has not received a single email communication responsive to the Outstanding Discovery Requests.

Additionally, while Defendant FDOC has produced some responsive documents – 90 separately e-mailed files containing roughly 400 pages of documents – there is no organization to the production or order of the documents, and no indication of which documents are responsive to which requests for production. *See Unlimited Res. Inc. v. Deployed Res., LLC*, 2009 U.S. Dist. LEXIS 72144, *3-5 (M.D. Fla. June 3, 2009) ("As such, the Court will require, to the extent it has not done so already, [the producing party] to provide references to specific documents, by their bates number, with respect to [the producing party]'s documents. That is, [the producing party] must identify by bates number each of its own documents that are responsive to each request. The Court is requiring this of [the producing party] because [the producing party] is in the best position to identify its own documents and assist [the requesting party] in finding those documents responsive to each request."); *see also Mizner Grand Condo. Ass'n v. Travelers Prop. Cas. Co. of Am.*, 270 F.R.D. 698, 700 (S.D. Fla. 2010) (citations omitted) ("A party responding to a discovery request must either produce documents as they are kept in the usual course of business, or must organize and label them to correspond to the categories in the request. Rule 34(b)(2)(E)(i) is intended to prevent parties from hiding a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents."); *Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 610-11 (D. Neb. 2001) (holding that "producing large amounts of documents in no apparent order does not comply with a party's obligation under Rule 34.").[5]

---

[5] On March 3, 2014, after the undersigned counsel provided counsel for Defendant FDOC with the law cited above, counsel for Defendant FDOC agreed to send Plaintiff amended responses to the Outstanding Discovery Requests, which at the very least would indicate which documents were responsive to which request. To date, no amended responses have been received, and no further indication has been provided by Defendant FDOC as to which documents produced were in response to which request for production.

### O.      Paragraph 1 of Plaintiff's First Request for Production of Documents

RFP #1:          Please produce any and all documents relating to Lemuel McMillan, including, but not limited to, his inmate records, his inmate files, his hospital records, his utilization management records, his mental health records, his grievances, memoranda, emails, and all documents related to the May 12, 2009, incident which is the subject of this lawsuit. Please see Instructions and Definitions above for definitions.

FDOC Response:        These are being scanned for production to Plaintiff.

Discussion:      In response to this RFP, Defendant FDOC has produced Lemuel McMillan's institutional inmate file, as well as his medical and mental health records (or, at least, portions thereof).  This is woefully inadequate.  Defendant FDOC has not produced Mr. McMillan's central office inmate file or his utilization management records, nor, most importantly, has Defendant FDOC produced a single email or document related to the May 12, 2009, incident that is the subject of this lawsuit, other than the Inspector General's Report and the staffing log for the day in question.[6]

Because Plaintiff is not in possession of, and does not have access to, the Defendant FDOC's records or record-keeping organizational system, it is difficult for Plaintiff to identify the full extent of documents that are required to be created by the FDOC when an inmate alleges sexual assault by a staff member, and again when such allegations are substantiated by the FDOC itself, as is the case here, and thus it is difficult for Plaintiff to identify the full extent of documents which are responsive to this RFP and which have not been produced.  This task is made even more difficult when one takes into consideration the fact that the vast majority of the

---

[6] Moreover, the exhibits attached to the Inspector General's report and produced to Plaintiff are completely unreadable.  *See* Exhibit E, Inspector General's Report at pp. 12-37.  Plaintiff requests that the Court compel Defendant FDOC to provide these attachments in a format that can be adequately read.

Defendant FDOC's policies, procedures, communications, training materials, and other potentially responsive documents that outline the Defendant FDOC's investigatory and reporting responsibilities as to institutional sexual assault are not public record, and have not been produced by Defendant FDOC when requested.

While Defendant FDOC's internal policies, procedures and rules are not public record, Rule 33 of the Florida Administrative Code contains all formally promulgated rules of the Florida Department of Corrections.  A review of these 250+ formally promulgated rules by the undersigned counsel, in addition to a review of the those policies that were produced by the FDOC as well as undersigned counsel's previous experience litigating against the FDOC, has revealed a multitude of documents which, ostensibly, should have been created by the FDOC in relation to this case and subsequently produced by counsel.  Again, while the below list (and subsequent cited authority) is not an exhaustive list of those documents related to the May 12, 2009, incident that is the subject of this lawsuit, and Plaintiff cannot even say for certain that each of these documents exist, the undersigned counsel believes that the sheer breadth of the list below supports Plaintiff's contention that Defendant FDOC has not fulfilled its obligation to adequately search for, and produce, documents responsive to the Outstanding Discovery Requests:[7]

    a)    Form DC6-229 and Form DC6-229B, "Daily Record of Special Housing". Maintained in each inmate's institutional file, these forms record every action taken by or against each inmate in all special housing units, every single day (Rule 33-602.220, F.A.C.);

---

[7] Due to the number of items identified and not produced, in response to this discovery request as well as the other requests copied herein, Plaintiff requests that the Court compel Defendant FDOC to provide an affidavit from the electronic records custodian for the Defendant FDOC, detailing what efforts were made to obtain the documents and information requested in the Outstanding Discovery Requests.

b)      Form DC6-233 and Form DC6-233A, "Reports of Administrative Confinement" (Rule 33-601.800, F.A.C.);

c)      Employee's Report and Warden's Summary.  For every reported use of force, copies of the employee's report, the warden's summary, and the Office of Inspector General's (OIG) review and determination shall be kept in the inmate's file.  (Rule 33-602.210, F.A.C.);

d)      Form DC2-802, Use of Force Log.  Every employee personnel file must record and maintain <u>every</u> use of force by the employee.  (Rule 33-602.210, F.A.C.);

e)      Reports sent by NWFRC to the OIG.  Copies of all allegations and subsequent investigations of inmate abuse, neglect, or battery must be reported to the OIG.  (Rule 33-602.210, F.A.C.);

f)      Plaintiff's Central Office Inmate File.  Maintained separately from an inmate's institutional inmate file.  (Rule 33-103.007, F.A.C.);

g)      Form SSV-2 ("Survey of Sexual Violence") and Form SSV-1A ("Incident Form").  *See* discussion re: Interrogatory #10 above;

h)      Form NI1-120.  Regarding the mental health effects of sexual assault, every inmate who alleges sexual battery must be offered and asked to complete this form.  (FDOC Procedure 602.053, Exhibit C);

i)      Requests for Information.  Requests sent from the OIG to NWFRC regarding the OIG's investigation of Defendant Hay's assault on the Plaintiff.  *See* Exhibit F, Sample OIG Request for Information;

j)      Email and other communications between the OIG and NWFRC regarding the OIG's investigation of Defendant Hay's assault on the Plaintiff.  *See* Exhibit G, Sample OIG Email Communication;

k)      All emails between the FDOC, employees of the FDOC, agents of the FDOC, and/or any non-parties, regarding the May 12, 2009 incident; and

l)      Control Room Log.  Monitors and records all activity occurring within the Institution on any given day.  *See* Exhibit H at pp. 7-17, Sample Control Room Log for NWFRC dated June 3, 2010.[8]

---

[8] This sample Control Room Log, dated June 3, 2010, was produced to undersigned counsel via Public Records Request in February 2011, pursuant to an unrelated case involving allegations of abuse at NWFRC..

P.      **Paragraph 2 of Plaintiff's First Request for Production of Documents**

RFP #2:       Please produce any and all documents relating to the May 12, 2009, incident which is the subject of this lawsuit, including, but not limited to, any and all Disciplinary Reports, Daily Record of Special Housing Logs (DC6-229), Daily Record of Special Housing – Supplemental Logs (DC6-229B), Inspection of Special Housing Records (DC6-228), Cell Inspection Logs (DC6-221), Housing Unit Logs (DC6-209), Reports of Administrative Confinement (DC6-223 or DC6-233A), and/or Behavioral Risk Assessments (DC4-729). Please see Instructions and Definitions above for definitions.

FDOC Response:      The Inspector General's report has already been produced with the exception of a few attachments which will be mailed to counsel. Plaintiff's file is also being scanned for production.

Discussion:      Plaintiff incorporates by reference his response to Interrogatory #1.

Q.      **Paragraph 3 of Plaintiff's First Request for Production of Documents**

RFP #3:       Please produce a complete copy of the inmate jacket and/or file for Lemuel McMillan, including, but not limited to, any disciplinary reports, corrective consultations, use of force reports, progress reviews, gain time awards, conviction rewards, all grievances, whether formal or informal, including Inmate Request Forms submitted by Lemuel McMillan at both the institutional and central office levels, including any response made by an employee of the FDOC, from the time Lemuel McMillan was received into the custody of the FDOC until his release. Please see Instructions and Definitions above for definitions.

FDOC Response:      No response provided.

Discussion:      Plaintiff asks that the Court compel Defendant FDOC to formally respond to this RFP.

25

R.      **Paragraph 4 of Plaintiff's First Request for Production of Documents**

RFP #4:      Please produce any and all documents reflecting any and all communications by and/or between the FDOC, employees of the FDOC, agents of the FDOC, and/or any non-parties regarding Lemuel McMillan.   Please see Instructions and Definitions above for definitions.

FDOC Response:      See Inspector's report and attachments.

Discussion:      Plaintiff incorporates by reference his response to Interrogatory #1. Moreover, internal emails and other communications between the FDOC, employees of the FDOC, agents of the FDOC, and/or any non-parties regarding Lemuel McMillan would not likely be attached to the OIG's report, and have not been produced to Plaintiff in any capacity. Regarding the lack of e-mail production, *see* Footnote 3 above.

S.      **Paragraph 5 of Plaintiff's First Request for Production of Documents**

RFP #5:      Please produce any and all documents reflecting any and all FDOC rules, regulations, directives, memoranda, protocols, training materials, policies, and/or procedures that relate in any way to staff violence, staff assaults, and/or incidents of violence between staff and inmates.  Please see Instructions and Definitions above for definitions.

FDOC Response:      Objection overbroad and unduly burdensome.  These have been produced to Plaintiff's counsel for the relevant period.

Discussion:      At the outset, Plaintiff would note several deficiencies regarding Defendant FDOC's response.   First, while Defendant FDOC did produce several policies responsive to this request, it did not produce any internal directives, post orders, memoranda, protocols, or training materials as requested.  Additionally, Defendant FDOC has failed to submit an affidavit from a record custodian or any other evidence in support of its "unduly burdensome"

objection, despite such documentation being required by law and repeatedly requested by counsel for Plaintiff.  *See City of Ocala*, 2013 U.S. Dist. LEXIS 58738 at *6-7; *AIG Centennial Ins. Co.*, 2010 U.S. Dist. LEXIS 114148 at *25-26.  Lastly, in response to this RFP, Defendant FDOC has submitted both an objection – without explanation – and a response.  This discovery delay tactic has long been frowned upon by the courts, and Plaintiff asks that the Court properly deem Defendant FDOC's overbroad and unduly burdensome objections waived in this instance. *See Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, 2008 U.S. Dist. LEXIS 80465 (S.D. Fla. Sept. 18, 2008):

> The Parties shall not recite a formulaic objection followed by an answer to the request.  It has become common practice for a Party to object on the basis of any of the above reasons, and then state that "notwithstanding the above," the Party will respond to the discovery request, subject to or without waiving such objection.  Such an objection and answer preserves nothing and serves only to waste the time and resources of both the Parties and the Court.  Further, such practice leaves the requesting Party uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered.

*Consumer Elecs. Ass'n*, 2008 U.S. Dist. LEXIS at *7; *see also Sewell v. D'Alessandro & Woodyard, Inc.*, 2011 U.S. Dist. LEXIS 38664 at *6-7 (M.D. Fla. Mar. 30, 2011) (emphasis added) ("Objecting but answering subject to the objection is not one of the allowed choices under the Federal Rules … courts have found that whenever an answer accompanies an objection, the objection is deemed waived, and the answer, if responsive, stands.") (citing *Mann v. Island Resorts Development, Inc.*, 2009 U.S. Dist. LEXIS 130436, *2-3 (N.D. Fla. February 27, 2009) (waiving the objection in the case where the party filed an objection and then answered the question in spite of the objection)).

Further, Plaintiff believes that Defendant FDOC has failed to produce certain documents responsive to this request.  Again, while the below list (and subsequent cited authority) is not an exhaustive list of those documents responsive to this RFP and not produced, the undersigned

27

counsel believes that the list below – culled from public available materials – supports Plaintiff's

contention that Defendant FDOC has not fulfilled its obligation to adequately search for, and

produce, documents responsive to the Outstanding Discovery Requests:

    a)      All training materials regarding incidents of violence between staff and inmates. All correctional officers receive training regarding the use of force and other types of violence between staff and inmates;

    b)      All training materials regarding PREA. All FDOC staff members, contractors and volunteers receive training on their duties and responsibilities under PREA. (http://www.dc.state.fl.us/oth/PREA/index.html);

    c)      FDOC/OIG Procedure 108.003, "Investigative Process". Outlines the OIG's investigatory responsibilities regarding allegations of sexual assault and/or battery (referenced in FDOC Procedure 602.053);

    d)      FDOC/OIG Procedure 108.015, "Sexual Battery, Sexual Harassment, and Sexual Misconduct Investigations" (referenced in FDOC Procedure 602.053);

    e)      FDOC Procedure 602.008, "Incident Reports – Institutions". Outlines the FDOC's reporting responsibilities regarding instances of assault and other institutional incidents (referenced in FDOC Procedure 602.053);

    f)      FDOC Policy 108.007, "Reporting Incidents to the Inspector General and Management Information Notification System"; and

    g)      FDOC Procedure 602.012, "Emergency Action Center".

    T.      **Paragraph 6 of Plaintiff's First Request for Production of Documents**

RFP #6:      Please produce any and all documents reflecting any and all FDOC rules,

regulations, directives, memoranda, protocols, training materials, policies, and/or procedures that

relate in any way to sexual violence, sexual assaults, and/or sexual incidents between staff,

between inmates, and/or between staff and inmates. Please see Instructions and Definitions

above for definitions.

FDOC Response:      Overbroad and unduly burdensome. There have been produced to

Plaintiff's counsel for the relevant period.

Discussion:     Plaintiff hereby incorporates by reference his response to RFP #5.

U.     **Paragraph 7 of Plaintiff's First Request for Production of Documents**

RFP #7:        Please produce any and all complaints and/or grievances that relate in any way to sexual violence, sexual assaults, and/or sexual incidents between staff, between inmates, and/or between staff and inmates, at Northwest Florida Reception Center.

FDOC Response:        Overbroad and unduly burdensome.  There have been produced to Plaintiff's counsel for the relevant period.

Discussion:     Plaintiff first notes that Defendant FDOC has not produced these documents for the relevant period as stated in its response.  As detailed above, Defendant FDOC has produced 25 formal grievances in total – and zero (0) informal grievances, as requested – from an eight (8) month range from June 2008 to February 2009, with less than a handful dealing with sexual violence and/or sexual incidents between staff.  The date range of discovery requested, however, was January 1, 2000, to May 12, 2009 (the date of the incident).  With regards to Defendant FDOC's unsupported "unduly burdensome" objection, as well as Defendant FDOC's improper use of both an objection and a response in the same answer, Plaintiff hereby incorporates by reference his response to RFP #5 above.

V.     **Paragraph 8 of Plaintiff's First Request for Production of Documents**

RFP #8:        Please produce any and all complaints and/or grievances that relate in any way to violence generally between staff and inmates, at Northwest Florida Reception Center.

FDOC Response:        Overbroad and unduly burdensome.  There have been produced to Plaintiff's counsel for the relevant period.

Discussion:     Plaintiff hereby incorporates by reference his response to RFP #7.

W.      **Paragraph 9 of Plaintiff's First Request for Production of Documents**

RFP #9:        Please produce any and all documents that relate in any way to the handling of complaints and/or grievances, whether formal or informal, that relate in any way to staff violence, staff assaults, and/or incidents of violence between staff and inmates, including, but not limited to, any and all documents reflecting any and all FDOC rules, regulations, directives, memoranda, protocols, training materials, policies, and/or procedures regarding the same.  Please see Instructions and Definitions above for definitions.

FDOC Response:        Overbroad and unduly burdensome.  There have been produced to Plaintiff's counsel for the relevant period.

Discussion:        Plaintiff first notes that while Defendant FDOC did produce several policies responsive to this request, it did not produce any internal directives, post orders, memoranda, protocols, or training materials as requested.  Further, Plaintiff has again been able to identify several documents responsive to this request which have not been provided, presented below in a non-exhaustive list:

a)      Annual standardized plan to train staff in responding to grievances of all varieties (Rule 33-103.003, F.A.C.);

b)      FDOC Form DC2-901, "Training Attendance Reports".  Required annually of every officer designated to respond to grievances (Rule 33-103.003, F.A.C.); and

c)      Results and dates of operational reviews of the grievance system conducted by the Regional Director of Institutions (Rule 33-103.018, F.A.C.).

With regards to Defendant FDOC's unsupported "unduly burdensome" objection, as well as Defendant FDOC's improper use of both an objection and a response in the same answer, Plaintiff hereby incorporates by reference his response to RFP #5 above.

X.    **Paragraph 10 of Plaintiff's First Request for Production of Documents**

RFP #10:    Please produce any and all documents that relate in any way to the handling of complaints and/or grievances, whether formal or informal, that relate in any way to sexual violence, sexual assaults, and/or sexual incidents between staff and inmates, including, but not limited to, any and all documents reflecting any and all FDOC rules, regulations, directives, memoranda, protocols, training materials, policies, and/or procedures regarding the same.  Please see Instructions and Definitions above for definitions.

FDOC Response:    Overbroad and unduly burdensome.  There have been produced to Plaintiff's counsel for the relevant period.

Discussion:    Plaintiff hereby incorporates by reference his response to RFP #9.

Y.    **Paragraph 11 of Plaintiff's First Request for Production of Documents**

RFP #11:    Please produce any and all documents that relate in any way to safeguards employed by the FDOC to minimize staff violence, staff assaults, and/or incidents of violence between staff and inmates, including, but not limited to, any and all documents reflecting any and all FDOC rules, regulations, directives, memoranda, protocols, training materials, policies, and/or procedures regarding the same.   Please see Instructions and Definitions above for definitions.

FDOC Response:    Overbroad and unduly burdensome.  There have been produced to Plaintiff's counsel for the relevant period.

Discussion:    No responsive documents have been produced and/or identified.  With regards to Defendant FDOC's unsupported "unduly burdensome" objection, as well as Defendant FDOC's improper use of both an objection and a response in the same answer, Plaintiff hereby incorporates by reference his response to RFP #5 above.

31

Z.      **Paragraph 12 of Plaintiff's First Request for Production of Documents**

RFP #12:      Please produce any and all documents that relate in any way to safeguards employed by the FDOC to minimize sexual violence, sexual assaults, and/or sexual incidents between staff and inmates, including, but not limited to, any and all documents reflecting any and all FDOC rules, regulations, directives, memoranda, protocols, training materials, policies, and/or procedures regarding the same.   Please see Instructions and Definitions above for definitions.

FDOC Response:      Overbroad and unduly burdensome.   There have been produced to Plaintiff's counsel for the relevant period.

Discussion:      No responsive documents have been produced and/or identified.   With regards to Defendant FDOC's unsupported "unduly burdensome" objection, as well as Defendant FDOC's improper use of both an objection and a response in the same answer, Plaintiff hereby incorporates by reference his response to RFP #5 above.

AA.    **Paragraph 13 of Plaintiff's First Request for Production of Documents**

RFP #13:      Please produce any and all documents from any other government entity including, but not limited to, other state departments of corrections or the Federal Bureau of Prisons, that relate to staff violence, staff assaults, and/or incidents of violence between staff and inmates.  Please see Instructions and Definitions above for definitions.

FDOC Response:      Overbroad and unduly burdensome.   There have been produced to Plaintiff's counsel for the relevant period.

Discussion:      No responsive documents have been produced and/or identified.   With regards to Defendant FDOC's unsupported "unduly burdensome" objection, as well as

Defendant FDOC's improper use of both an objection and a response in the same answer, Plaintiff hereby incorporates by reference his response to RFP #5 above.

BB.    **Paragraph 14 of Plaintiff's First Request for Production of Documents**

RFP #14:    Please produce any and all documents from any other government entity including, but not limited to, other state departments of corrections or the Federal Bureau of Prisons, that relate to sexual violence, sexual assaults, and/or sexual incidents between staff and inmates.  Please see Instructions and Definitions above for definitions.

FDOC Response:    Objection.  Overbroad and unduly burdensome and not within our custody and control.

Discussion:    No responsive documents have been produced and/or identified.  With regards to Defendant FDOC's unsupported "unduly burdensome" objection, as well as Defendant FDOC's improper use of both an objection and a response in the same answer, Plaintiff hereby incorporates by reference his response to RFP #5 above.

CC.    **Paragraph 15 of Plaintiff's First Request for Production of Documents**

RFP #15:    Please produce any and all Dormitory logs for A-Dorm at Northwest Florida Reception Center for the day before, the day of, and the day after the May 12, 2009, incident which is the subject of this lawsuit.  Please see Instructions and Definitions above for definitions.

FDOC Response:    Objection overbroad and unduly burdensome.  These have been produced to Plaintiff's counsel for the relevant period.

Discussion:    No responsive documents have been produced and/or identified.  And again, Plaintiff has reason to believe that such Dormitory Logs both exist and can be produced to Plaintiff.  In *Wolfe v. Florida Department of Corrections*, Case No. 5:10-cv-663-Oc-10DAB

(M.D. Fla. 2011), the plaintiff estate of a deceased inmate asked in an Interrogatory addressed to the FDOC to list the names and DOC numbers for all inmates who were housed in a particular dorm at the same institution - NWFRC - at a particular time on November 26, 2004 (five (5) years prior to Plaintiff McMillan's assault).  *See* Exhibit D, *Wolfe v. FDOC*, Case No. 5:10-cv-663-PRL (Doc. 85-1, "Defendant The Florida Department of Correction's [sic] Verified Responses to Plaintiff's Second Set of Interrogatories" at 4 (Aug. 30, 2012)).  On October 31, 2011, nearly seven (7) years after the date in question, the FDOC and its counsel were able to provide the attached list of inmates, DOC numbers, and bed assignments.  *See id*.

With regards to Defendant FDOC's unsupported "unduly burdensome" objection, as well as Defendant FDOC's improper use of both an objection and a response in the same answer, Plaintiff hereby incorporates by reference his response to RFP #5 above.

DD.   **Paragraph 16 of Plaintiff's First Request for Production of Documents**

RFP #16:      Please produce any and all Main Control Room logs at Northwest Florida Reception Center for the day before, the day of, and the day after the May 12, 2009, incident which is the subject of this lawsuit.  Please see Instructions and Definitions above for definitions.

FDOC Response:      Such logs are not maintained by dorm except informally and such informal logs are not maintained more than 30-60 days.  Inmate housing is maintained for the inmates and not by dorm.

Discussion:      No responsive documents have been produced and/or identified.  Further, it appears that Defendant FDOC's response is not at all responsive to the request, as the control room log is maintained in NWFRC's main control room – not by individual dorm – and records all activity occurring with the Institution, and in every dorm, on any given day.  And, again, Plaintiff has reason to believe that such Main Control Room Logs both exist and can be produced

to Plaintiff.  *See* Exhibit H at pp. 7-17, Sample Control Room Log for NWFRC dated June 3, 2010.[9]

  **EE.** **Paragraph 18 of Plaintiff's First Request for Production of Documents**

  <u>RFP #18</u>:  Please produce copies of any and all audits, and any and all documents related to such audits, of Northwest Florida Reception Center conducted by the American Correctional Association or any other accreditation organization.

  <u>FDOC Response</u>:  Any such documents will be produced.

  <u>Discussion</u>: No responsive documents have been produced and/or identified.

  **FF.** **Paragraph 19 of Plaintiff's First Request for Production of Documents**

  <u>RFP #19</u>: Please produce any and all documents reflecting any and all correspondence sent to or received from any non-party in this case.

  <u>FDOC Response</u>: Objection.  Overbroad and unduly burdensome.  See Inspector General's Report.

  <u>Discussion</u>: No responsive documents have been produced and/or identified.  With regards to Defendant FDOC's unsupported "unduly burdensome" objection, as well as Defendant FDOC's improper use of both an objection and a response in the same answer, Plaintiff hereby incorporates by reference his response to RFP #5 above.

  **GG.** **Paragraph 20 of Plaintiff's First Request for Production of Documents**

  <u>RFP #20</u>:  Please produce any and all documents regarding the selection, approval and/or hiring of staff assigned to supervise inmates at Northwest Florida Reception Center, including, but not limited to, any and all documents reflecting any and all FDOC rules,

---

[9] This sample Control Room Log, dated June 3, 2010, was produced to undersigned counsel via Public Records Request in February 2011, pursuant to an unrelated case involving allegations of abuse at NWFRC, again calling into question Defendant FDOC's unsupported allegations regarding the retention of relevant documents.

regulations, directives, memoranda, protocols, training materials, policies, and/or procedures regarding the same.  Please see Instructions and Definitions above for definitions.

FDOC Response:    Objection overbroad and unduly burdensome.  These have been produced to Plaintiff's counsel for the relevant period.

Discussion:    No responsive documents have been produced and/or identified.  With regards to Defendant FDOC's unsupported "unduly burdensome" objection, as well as Defendant FDOC's improper use of both an objection and a response in the same answer, Plaintiff hereby incorporates by reference his response to RFP #5 above.

HH.    **Paragraph 21 of Plaintiff's First Request for Production of Documents**

RFP #21:    Please produce any and all documents regarding the monitoring, assessment, supervision and/or evaluation of staff assigned to supervise inmates at Northwest Florida Reception Center, including, but not limited to, any and all documents reflecting any and all FDOC rules, regulations, directives, memoranda, protocols, training materials, policies, and/or procedures regarding the same.  Please see Instructions and Definitions above for definitions.

FDOC Response:    Overbroad and unduly burdensome.  There have been produced to Plaintiff's counsel for the relevant period.

Discussion:    No responsive documents have been produced and/or identified.  Further, Plaintiff has again been able to identify several documents responsive to this request which have not been provided, presented below in a non-exhaustive list:

a)    FDOC Form DC6-295, "Special Housing Unit Rotation Review".  Conducted and recorded every eighteen (18) months for every DOC officer in special housing (Rule 33-602.220, F.A.C.); and

b)     OIG Notifications re: supervisory staff.  The OIG must notify the Warden and Regional Director of any officer involved in eight (8) or more uses of force in an 18 month period (Rule 33-601.800, F.A.C.).

With regards to Defendant FDOC's unsupported "unduly burdensome" objection, as well as Defendant FDOC's improper use of both an objection and a response in the same answer, Plaintiff hereby incorporates by reference his response to RFP #5 above.

II.     **Paragraph 22 of Plaintiff's First Request for Production of Documents**

RFP #22:     Please produce any and all documents regarding the FDOC's investigation and/or review of any and all staff-on-inmate assaults and/or violent incidents at Northwest Florida Reception Center from January 1, 2000, to the present.

FDOC Response:     Overbroad and unduly burdensome.   Grievance appeals have already been produced to Plaintiff's counsel for the relevant period.

Discussion:     No responsive documents have been produced and/or identified.   First, Defendant FDOC has not produced "grievance appeals" for the relevant period as stated in its response.  Rather, Defendant FDOC has produced 25 formal grievances in total – and zero (0) informal grievances, as requested – from an eight (8) month range from June 2008 to February 2009.  The date range of discovery requested, however, was January 1, 2000, to May 12, 2009 (the date of the incident).

Additionally, while no other documents were identified as being responsive to this request, Defendant FDOC did produce 15 OIG "Case Summaries," regarding incidences of sexual violence at NWFRC.  However, not a single Case Summary was dated prior to August 2009 (three months after the assault in this case), and not a single institutional-level document was produced regarding the investigation and/or review of even one incident of staff-on-inmate assault.

With regards to Defendant FDOC's unsupported "unduly burdensome" objection, as well as Defendant FDOC's improper use of both an objection and a response in the same answer, Plaintiff hereby incorporates by reference his response to RFP #5 above.

**JJ.**   **Paragraph 23 of Plaintiff's First Request for Production of Documents**

RFP #23:   Please produce any and all documents regarding the FDOC's investigation and/or review of any and all sexual violence, sexual assaults, and/or sexual incidents between staff at Northwest Florida Reception Center from January 1, 2000, to the present.

FDOC Response:   Overbroad and unduly burdensome.   Grievance appeals have already been produced to Plaintiff's counsel for the relevant period.

Discussion:   No responsive documents have been produced and/or identified.  Plaintiff hereby incorporates by reference his response to RFP #22 above.

**KK.**   **Paragraph 24 of Plaintiff's First Request for Production of Documents**

RFP #24:   Please produce any and all documents regarding any and all investigations and/or reviews performed by the FDOC regarding any use of force by and/or against Lemuel McMillan.

FDOC Response:   Inmate file is being scanned for production.

Discussion:   No responsive documents have been produced and/or identified.   No such documents were identified in Plaintiff's "Inmate file" as produced, even as to the May 12, 2009, incident which is the subject of this lawsuit.  To date, the only documents that Defendant FDOC has produced regarding any use of force by and/or against Lemuel McMillan is the Inspector General's Report and the staffing log for the day in question.

WHEREFORE, Plaintiff respectfully again requests that this Court enter an Order requiring Defendant FDOC to fully and properly respond to the Outstanding Discovery

Requests, deeming all objections to the Outstanding Discovery Requests waived, requiring Defendant FDOC to pay Plaintiff his reasonable attorneys' fees and costs incurred in relation to this second, extensive Motion to Compel, compelling Defendant FDOC to provide an affidavit from its electronic records custodian, detailing what efforts have been made to obtain the documents and information requested in the Outstanding Discovery Requests, and extending all future deadlines in the case by two (2) months, to compensate Plaintiff for the time lost as a result of Defendant FDOC's continued failure to engage in adequate discovery in this matter, particularly since the Court's Order on Plaintiff's <u>first</u> Motion to Compel, dated January 9, 2014, and to allow Plaintiff to adequately conduct discovery in this case in a timely fashion.

Respectfully submitted,

Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com
Shawn A. Heller, Esq.
Florida Bar No. 46346
shawn@sjlawcollective.com

Social Justice Law Collective, PL
P.O. Box 70327
Washington, DC 20024
(202) 709-5744
(866) 893-0416 (Fax)

Alvin L. Peters, Esq.
Florida Bar No. 0473030
25 East 8th St.
Panama City, FL 32401

Attorneys for the Plaintiff

By:   _s/ Joshua A. Glickman_____
        Joshua A. Glickman, Esq.

39

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on March 14, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By:   *s/ Joshua A. Glickman*
        Joshua A. Glickman, Esq.