IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


LEMUEL MCMILLAN,

 Plaintiff,
v.                  CASE NO. 5:13-cv-292-WS-GRJ

DEPARTMENT OF CORRECTIONS,
et al.,
 Defendants.
_____/


**REPORT AND RECOMMENDATION**

 Plaintiff initiated this case by filing, through counsel, a civil rights complaint pursuant to 42 U.S.C § 1983 in the 14th Judicial Circuit Court for Washington County, and is proceeding pursuant to an Amended Complaint ("Complaint").  Doc. 4-11.  The Complaint stems from a sexual assault by a corrections officer upon Plaintiff while Plaintiff was in the custody of the Department of Corrections (DOC) at Northwest Florida Reception Center (NFRC). The named Defendants are the DOC and four individual NFRC corrections officers, including the former officer who pleaded guilty to assaulting Plaintiff.  Plaintiff asserts constitutional claims against Defendants under § 1983 and state-law negligence claims.  Doc. 4-11.

 The DOC and the individual Defendants filed motions to dismiss in state court.  Docs. 4-16, 4-27.  The case was removed to this Court on August 30, 2013.  Docs. 1, 4-1.  The parties are presently engaged in discovery pursuant to the Court's Scheduling Order for Discovery, Mediation, and Trial.  Doc. 41.  Discovery is due to be completed by August 22, 2014, and dispositive motions are due by September 12, 2014.  *Id*.  The

case is presently before the Court for recommended disposition of the Defendants' motions to dismiss that were filed in state court, construed as motions pursuant to Fed. R. Crim. P. 12(b)(6). See Docs. 4-16, 4-27, 10, 11 (Defendants' memoranda in support of motions to dismiss, docketed as the pending motions in this case). For the following reasons, the undersigned recommends that the motions be denied.

## I. STANDARD OF REVIEW

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." *Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv.*, 400 F.2d 465, 471 (5th Cir. 1968). For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences that might be drawn from such allegations. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir.1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed R. Civ. P. 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir.1993).

In *Ashcroft v. Iqbal*, . ___U.S. ___, 129 S.Ct. 1937, 1950 (2009), the Supreme Court articulated a two-pronged approach for evaluating a motion to dismiss under Rule 12(b)(6): The court must first determine what factual allegations in the complaint are entitled to a presumption of veracity, and then assess whether these facts give rise to an entitlement for relief. In determining whether factual allegations are entitled to the

presumption of truth, the Court stated that it was not whether the facts are "unrealistic or nonsensical" or even "extravagantly fanciful," but rather it is their conclusory nature that "disentitles them to the presumption of truth." *Iqbal*, 129 S.Ct. at 1951. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## II. DISCUSSION

### A. Plaintiff's Allegations and DOC's Motion to Dismiss

The Complaint recounts the details of the sexual assault upon Plaintiff by Defendant Ricardo Hay, which occurred in May 2009 while Hay was assigned to assist Defendant Maurer, the supervising Sergeant, with the supervision and oversight of Plaintiff's housing unit, "A-Dorm". Maurer left A-Dorm for unknown reasons and during his absence Hay ordered Plaintiff into a locked laundry room and sexually assaulted him. Hay was subsequently charged and pleaded guilty to felony battery and sexual misconduct with an inmate. Doc. 4-11.

Plaintiff alleges that prior to the assault DOC had received numerous complaints regarding staff violence and sexual misconduct by staff at NFRC. Plantiff alleges that the individual Defendants, including Warden Culpepper, Assistant Warden Comerford, and Sergeant Maurer, knew of such complaints and were well aware that inmates, including Plaintiff, were at risk. Plaintiff alleges in Count I that Defendant DOC is vicariously liable for the sexual assault by Defendant Ricardo Hay, who allegedly was acting within the scope of his employment at the time of the assault. Doc. 4-11 at 8-9

(Count 1). Plantiff alleges that the DOC failed to use reasonable care to ensure his safety by failing to adequately monitor and observe Plaintiff despite knowing of sexual assaults at NFRC; failed to adequately monitor and supervise staff; failed to adequately train staff regarding sexual misconduct; failed to comply with applicable inmate to staff ratios; and failed to promulgate or enforce policies to ensure reasonably safe conditions of confinement. Doc. 4-11 at 10-12 (Count 2). Counts 3, 4, and 5, assert negligence claims against Defendants Culpepper, Comerford, and Maurer. Counts 6, 7, and 8 assert § 1983 deliberate-indifference claims against Defendants Culpepper, Comerford, and Maurer in their individual capacities. Doc. 4-11.

In the motion to dismiss filed by DOC, Defendant contends that "Plaintiff's claim for negligence against DOC must be dismissed because the state is not responsible for actions which are malicious, committed in bad faith or in a manner exhibiting wanton and willful disregard of human rights and safety." Docs. 4-16, 10. As support for this argument, Defendant cites Fla. Stat. § 768.28(9)(a) for the proposition that an individual officer, employee, or agent of the state can only be held personally liable in tort if that individual acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property. *Id*.

As Plaintiff points out, the DOC owes the inmates in its custody a duty to use reasonable care. *See Ancata v. Prison Health Services, Inc.*, 769 F.2d 700 (11th Cir. 1985); *Cook v. Sheriff of Monroe County*, 402 F.3d 1092, 1119 (11th Cir. 2005). Further, Fla. Stat. § 768.28(9)(a) does not cloak the DOC, as an agency of the state, with immunity from claims based on its own negligence. *See* Fla. Stat. § 768.28(9)(a)

("The … remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity."). Plaintiff has alleged facts supporting his claim that DOC is liable to Plaintiff for its own negligence, including DOC's alleged knowledge of a history of staff violence and sexual misconduct at NFRC and DOC's failure to correct such conditions. Accepting Plaintiff's allegations as true and construing them in the light most favorable to Plaintiff, as the Court must do at this stage, Defendant DOC's motion to dismiss Plaintiff's negligence claim (Count 2) is due to be denied.

With respect to Count 1, asserting vicarious liability of the DOC for Defendant Hay's assault, Defendant asserts that the Florida statute cloaks it with immunity because Hay necessarily acted outside the scope of his employment and in bad faith in sexually assaulting Plaintiff. Docs. 4-16, 10. Under Florida law, "[g]enerally, sexual assaults and batteries by employees are held to be outside the scope of an employee's employment, and therefore, insufficient to impose vicarious liability on the employer." *Iglesia Cristiana La Casa Del Senor, Inc. v. L.M.*, 783 So.2d 353, 356–57 (Fla. 3d DCA 2001) (citations omitted); *see also City of Green Cove Springs v. Donaldson*, 348 F.2d 197, 202 (5th Cir.1965) (officer's sexual assault of plaintiff were outside of his employment as a police officer).

In this case, Plaintiff has alleged that the attack occurred while Hay was on duty and assigned to supervise Plaintiff, within the confines of the assigned dorm, in a locked room to which Hay was given access by DOC, and in an environment where

staff abuse and sexual misconduct was allegedly widespread. *See* Doc. 14-11. While the nature of Hay's act may ultimately shield the DOC from vicarious liability, the record on this point has not been developed to resolve the salient factual issues. Plaintiff's allegations are at least sufficient at this stage to nudge his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *see also Heckenlaible v. Virginia Peninsula Regional Jail Authority*, 491 F. Supp. 2d 544, 549 (E.D. Va. 2007) (denying Jail's motion for summary judgment because issue of whether jail officer's sexual assault of inmate occurred within the scope of his employment was "an issue for the jury to resolve." ).

### B. Individual Defendants' Motion to Dismiss

Defendants Maurer, Comerford and Culpepper assert that: (1) they are immune from suit for negligence pursuant to Fla. Stat. § 768.28; (2) Plaintiff's "conclusory" allegations fail to support his negligence claims; (3) Plaintiff has failed to state a cause of action for deliberate indifference; and (4) the Defendants are entitled to qualified immunity. Docs. 4-27, 11.

As noted above, Fla. Stat. § 768.28(9)(a) provides that an individual officer, employee, or agent of the state can only be held personally liable in tort if that individual acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property. In this case, Counts 3-5 allege that each individual Defendant is liable for "the negligent conduct, gross negligent conduct, and/or intentional actions or omissions taken with bad faith, malicious purpose and/or in a manner exhibiting wanton and willful disregard of human rights, safety, or property with

respect to the care and supervision of Lemuel McMillan while he was incarcerated at Northwest Florida Reception Center." Doc. 4-11. As support for these claims, Plaintiff has made factual allegations that each Defendant had actual knowledge of the alleged propensity for staff violence and sexual misconduct at NFRC and failed to correct such conditions. *See id*. Plaintiff's non-conclusory factual allegations are at least sufficient at this stage to nudge his "claims across the line from conceivable to plausible," such that the Court cannot conclude that Defendants are entitled to immunity from liability under the Florida Statute. *Twombly*, 550 U.S. at 570.

With respect to Plaintiff's § 1983 deliberate-indifference claims, asserted in Counts 6-8 against the individual Defendants, in order to state a valid claim for deliberate indifference against a corrections official, a plaintiff must allege facts plausibly establishing: (1) a substantial risk of serious harm; (2) that the corrections officials were subjectively aware of the harm; and (3) that the corrections officials were deliberately indifferent to the known risk. *See Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1028 (11th Cir. 2001)(*en banc*); *Gish v. Thomas*, 516 F.3d 952, 954 (11th Cir. 2008). The Plaintiff must plead facts showing that a Defendant was aware of "facts from which an inference could be drawn that a substantial risk of serious harm exists." *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). In this case, Plaintiff has alleged that Defendants received numerous complaints of pervasive staff abuse and sexual misconduct at NFRC, that Defendants were aware that inmates faced a risk of sexual assault, and that Defendants failed to act to address the risk. Viewing these allegations in the light most favorable to Plaintiff, the Court concludes that Plaintiff has

sufficiently stated a claim for deliberate indifference.

As to Defendants' remaining argument that they are entitled to qualified immunity, when evaluating a claim for qualified immunity, a court must determine (1) whether the facts alleged, viewed in the light most favorable to the Plaintiff, show that the officer's conduct violated a constitutional right, and (2) whether, under the facts alleged, there was a violation of "clearly established law." *See Pearson v. Callahan*, 555 U.S. ----, 129 S.Ct. 808, 820-21 (2009). Courts are no longer required to address the two prongs of this test in any particular order. *See id.* (modifying *Saucier v. Katz*, 533 U.S. 194 (2001)).

A constitutional right is clearly established if "its contours [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (internal citations omitted). The critical inquiry in determining whether law is "clearly established" is whether the defendant had "fair warning" that his conduct was unlawful. *Vinyard v. Wilson*, 311 F.3d 1340, 1350 (11th Cir.2002).

It is well settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Id*. at 833. Further, a supervisor can be liable under 42 U.S.C. § 1983 for a subordinate's action when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the

supervising official and the alleged constitutional deprivation. *Mathews v. Crosby*, 480 F. 3d 1265, 1270 (11th Cir. 2007). Such causal connection can be established by alleging: "1) a history of widespread abuse [that] put[ ] the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fail[ed] to do so; 2) a supervisor's custom or policy result[ed] in deliberate indifference to constitutional rights; or 3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so." *Mathews*, 480 F.3d at 1270.

    Viewing the allegations in the light most favorable to Plaintiff, Plaintiff has alleged that he was subjected to a violent assault at NFRC while in Defendants' custody and care, that Defendants were aware of a history of widespread sexual abuse at NFRC by way of receiving numerous complaints that put Defendants on notice of a need to address the problem, and that Defendants failed to act. Assuming these facts are established they are sufficient to state a constitutional violation for deliberate indifference. Under applicable Eleventh Circuit precedent, the Plaintiff had a clearly established right to protection from corrections officials, where, as here, the Plaintiff alleges that Defendants had knowledge about a history of widespread abuse that arguably placed Plaintiff at a substantial risk of harm. *See, e.g. Hale v Tallapoosa County*, 50 F. 3d 1579 (11th Cir. 1995); *Marsh,* 268 F. 3d 1014. Therefore, at this stage of the case, where the Court is required to take as true the factual allegations in the Complaint, the undersigned concludes that Defendants are not entitled to qualified immunity from Plaintiff's claims.

### III.  CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED:**

1.  Defendant Department of Corrections' (DOC) Motion to Dismiss, Doc. 10, should be **DENIED**.[1]

2.  Defendant Maurer, Comerford And Culpepper's Motions to Dismiss, Doc. 11, should be  **DENIED**.[2]

**IN CHAMBERS** this 16th day of April 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[1] Defendant's Motion to Dismiss was filed in state court, Doc. 4-16, and after the case was removed Defendant filed a memorandum of law, Doc. 10, which was docketed as a motion to dismiss.

[2] Defendants' Motion to Dismiss was filed in state court, Doc. 4-27, and after the case was removed Defendants filed a memorandum of law, Doc. 11, which was docketed as a motion to dismiss.