UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

Case No. 5:13-cv-00292-WS-GRJ

LEMUEL MCMILLAN,

    Plaintiff,

v.

FLORIDA DEPARTMENT OF CORRECTIONS,
an Agency of the State of Florida,
SAM CULPEPPER, in his individual capacity,
RICHARD COMERFORD, in his individual capacity,
DONNIE G. MAURER, in his individual capacity, and
RICARDO HAY, in his individual capacity,

    Defendants.
_____/

**PLAINTIFF'S REPLY TO DEFENDANT FDOC'S
RESPONSE TO PLAINTIFF'S SECOND MOTION TO COMPEL**

Plaintiff, by and through undersigned counsel, pursuant to this Court's Order (D.E. 76), hereby files his Reply to Defendant FDOC's Response to Plaintiff's Second Motion to Compel ("Response") (D.E. 74), and again moves to compel Defendant FDOC to respond to two sets of discovery requests to which Defendant FDOC has still failed to respond in over ten (10) months, and in support states:

    **I.**    **Defendant FDOC's Production to Date**

Throughout its Response, Defendant FDOC grossly mischaracterizes both the order and scope of discovery produced, as well as representations and statements alleged to have been made by undersigned counsel. More importantly, the FDOC fails to substantively respond to nearly any of the discovery issues raised in either of Plaintiff's two Motions to Compel. In his Second Motion to Compel, Plaintiff, in conformity with

Local Rule 26.2(B), N.D. Fla., quoted and discussed thirty-seven (37) individual interrogatories and requests for production to which objection was taken. Defendant FDOC's Response only even attempts to address exactly three (3) of these thirty-seven (37) discovery requests, while making no mention of the remaining discovery that has not been provided. Moreover, while Plaintiff and his counsel expended considerable time and effort to both index and organize the discovery which had been provided to Plaintiff in no discernible order or organization, as well as to provide an extensive, but non-exhaustive list of over thirty (30) discrete reports, policies, and forms which Defendant FDOC had not provided, Defendant FDOC's Response further fails to address even a single one of these documents, or provide any explanation as to why they have not been produced to Plaintiff.

While Defendant FDOC repeatedly states in its Response that it is "committed to satisfying this court of its determination to comply with this court's order," its conduct in this case to date clearly evinces otherwise. Response at 6. In the interest of brevity, Plaintiff will not re-argue any of the thirty-seven (37) discovery requests individually in this Reply, and will instead refer to its two previously filed motions to compel to demonstrate Defendant FDOC's complete disregard for cooperative discovery and this Court's orders to date. On a larger scale, however, Plaintiff would note that <u>nearly a full year</u> after initially serving the discovery requests at issue, Plaintiff has still not received even a single Interrogatory response that has been signed and/or executed by the FDOC, as unequivocally required by the law, and has similarly not been provided with any affidavits or other documentation supporting FDOC counsel's repeated representations that undeniably relevant documentation has either been destroyed or is unavailable. *See*

Second Motion to Compel at 7, 16, 19 (citing law that discovery responses must be executed by the party and that affidavits must be provided to explain destroyed or unavailable evidence).

## II.     Correcting the Record

Defendant FDOC's Response is further replete with factual mischaracterizations. While Plaintiff believes that these mischaracterizations represent nothing more than a transparent attempt by Defendant FDOC to obfuscate the true issue central to the resolution of these motions – that the FDOC refuses to participate in discovery in good faith – undersigned counsel feels compelled to briefly address just a few of these mischaracterizations, in the interest of having a full, complete, and accurate factual record:

- Defendant FDOC states that "no action was taken by Plaintiff" between the FDOC's original motion to dismiss, filed in state court on July 26, 2012, and the discovery requests at issue here, which were originally sent to Defendant FDOC on June 14, 2013. *See* Response at 2. This is incorrect. During this time period, Plaintiff engaged the undersigned counsel to assist in litigating the case, given his firm's substantial experience litigating negligence and federal civil rights claims against the Defendant FDOC. After several months of additional research and investigation, Plaintiff filed an amended complaint on May 24, 2013, with six (6) additional counts, including a negligence claim against the Defendant FDOC for its own negligence, and several civil rights claims against supervisory defendants employed by the Defendant FDOC.

- Defendant FDOC argues that Plaintiff has a "misunderstanding of the way things are reported at DOC and reporting changes resulting from the adoption of PREA," and has attached two affidavits in support outlining the FDOC's search for informal grievances and inmate appeals to date in this case. *See* Response at 3. Plaintiff would respectfully disagree with this assertion. Initially, Plaintiff would note that PREA was originally adopted in 2003, and Defendant FDOC, without explanation, has failed to provide even a single document or reporting form mandated by PREA, as outlined in detail in Plaintiff's Second Motion to Compel. *See* Second Motion to Compel at 12-15.

        More importantly, however, even the affidavits filed by the Defendant FDOC display the FDOC's non-responsiveness during this discovery process. By their own admission, the Defendant FDOC has now conceded that it has only even looked for responsive documents that originated *after* June 3, 2008, even though the date range of discovery requested was January 1, 2000, to May 12, 2009 (the date of the incident). *See* FDOC Response, Exhibits A and B. As discussed by the parties and the Court during the January 9, 2014 hearing, documents which originated well after the date of the Plaintiff's assault – which comprise the bulk of the FDOC's production to date – are of little to no utility in this case.

- Without reference to any particular Interrogatory or Request for Production, Defendant FDOC states, "[t]he Department has also provided policies and procedures in response to Plaintiff's request," and attaches the Affidavit of Alan McManus to describe what search terms were used to find such policies. *See* Response at 4. As discussed in detail throughout Plaintiff's Second Motion to Compel, while some policies and procedures have been produced, Plaintiff has reason to believe that several undeniably relevant policies and procedures have not been produced, and even provided a non-exhaustive list of such policies which Plaintiff was able to identify. Neither the FDOC's Response nor Mr. McManus's affidavit responds to these arguments, or explains why any of the policies identified in Plaintiff's Second Motion to Compel have not been provided.

- In its Response, Defendant FDOC attempts to explain away its ten (10) months of delays by asserting that the production of a single disc of emails, which Defendant FDOC did not even attempt to produce until March 10, 2014, nine months after they were requested, was delayed due in part to complications with the undersigned counsel's physical address. *See* Response at 5. This is patently incorrect. Undersigned counsel does not utilize a "rent-a-box" facility as alleged by counsel for Defendant FDOC, and instead uses a mailbox owned and operated by the United States Postal Service, at a post office, with a physical street address, which is authorized to receive shipments via USPS, FedEx, and UPS. Counsel for Defendant FDOC was no doubt aware of this, as despite her recent allegations, she was able to successfully deliver the only other disc of documents provided to Plaintiff to the exact same address just two (2) weeks earlier. Instead, and as explained to counsel for Defendant FDOC via email on March 14, 2014, any delays in the production of this disc were actually due to a scrivener's error in the recipient's address on the enclosing envelope, made and sent by counsel for Defendant FDOC.

        Finally, Plaintiff would note that he has attempted to be more than understanding regarding personal issues affecting Defendant FDOC's counsel, throughout the course of

this litigation. *See* Response at 7 ("Counsel would submit that this client shouldn't be punished because counsel has been in trial and sick."). It was because of this attempted understanding that Plaintiff has either granted or agreed to not oppose five (5) separate formal and informal requests for extension regarding this same discovery.

However, counsel for Defendant FDOC has not been in trial or sick for the past ten (10) consecutive months, and the egregious delays and conduct in this case are instead properly attributed to the Defendant FDOC's continued refusal to cooperate in good faith discovery. As such, Plaintiff asks not only that the Court – for a second time – order the Defendant FDOC to immediately and fully respond to the discovery requests at issue, but that the Court further find that the Defendant FDOC has waived all objections with respect to the discovery requests at issue, that adverse inferences will be considered with regard to all areas of inquiry which are still not fully responded to, and that Plaintiff is entitled to his reasonable attorneys' fees and costs incurred in being forced to file two separate motions to compel.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order (1) granting Plaintiff's Second Motion to Compel; (2) requiring Defendant FDOC to fully and properly respond to all outstanding discovery requests; (3) deeming all objections to the outstanding discovery requests waived; (4) warning that adverse inferences will be considered with regard to all areas of inquiry which are still not fully responded to; (5) requiring Defendant FDOC to pay Plaintiff his reasonable attorneys' fees and costs incurred in relation to both motions to compel; and (6) extending all future deadlines in this case by no less than three (3) months in order to compensate Plaintiff for the time lost as a result of Defendant FDOC's continued refusal to cooperate in good-faith

discovery, and to allow Plaintiff to adequately conduct discovery in a timely fashion and litigate this case on its merits.

        Respectfully submitted,

        Joshua A. Glickman, Esq.
        Florida Bar No. 43994
        josh@sjlawcollective.com
        Shawn A. Heller, Esq.
        Florida Bar No. 46346
        shawn@sjlawcollective.com

        Social Justice Law Collective, PL
        P.O. Box 70327
        Washington, DC 20024
        (202) 709-5744
        (866) 893-0416 (Fax)

        Alvin L. Peters, Esq.
        Florida Bar No. 0473030
        25 East 8th St.
        Panama City, FL 32401


        Attorneys for the Plaintiff


By:   *s/ Joshua A. Glickman*
        Joshua A. Glickman, Esq.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 22, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By: *s/ Joshua A. Glickman*
Joshua A. Glickman, Esq.