## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

Case No. 5:13-cv-00292-WS-GRJ

LEMUEL MCMILLAN,

      Plaintiff,

v.

FLORIDA DEPARTMENT OF CORRECTIONS,
an Agency of the State of Florida,
SAM CULPEPPER, in his individual capacity,
RICHARD COMERFORD, in his individual capacity,
DONNIE G. MAURER, in his individual capacity, and
RICARDO HAY, in his individual capacity,

      Defendants.

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR CLARIFICATION, OR IN THE ALTERNATIVE, RECONSIDERATION OF ORDER COMPELLING PRODUCTION OF CONFIDENTIAL INFORMATION**

**and incorporated**

**MOTION FOR SANCTIONS**

Plaintiff, by and through undersigned counsel, hereby responds to Defendant's Motion for Clarification, or in the Alternative, Reconsideration, of Order Compelling Production of Confidential Information (D.E. 103) ("Motion for Reconsideration"), and, pursuant to Rule 37, Federal Rules of Civil Procedure, seeks his reasonable attorneys' fees and costs incurred in relation to this Response and as a result of defendant FDOC's inexcusable failure to comply with this Court's Order on Plaintiff's Second Motion to Compel (D.E. 84). In support, Plaintiff states the following:

1.      On June 14, 2013, Plaintiff served his First Set of Interrogatories and First Request for Production of Documents on defendant Florida Department of Corrections ("FDOC").

2.      On July 15, 2013, defendant FDOC moved to stay all discovery in the case (D.E. 4-19).  On October 21, 2013, this Court denied defendant FDOC's Motion to Stay Discovery in its entirety (D.E. 23).

3.      On January 8, 2014, after nearly seven (7) months of repeated attempts to obtain the requested discovery from defendant FDOC proved fruitless, Plaintiff filed his First Motion to Compel (D.E. 38).

4.      Following briefing by the Parties and a telephonic scheduling conference and motion hearing regarding Plaintiff's First Motion to Compel, the Court entered an Order granting Plaintiff's First Motion to Compel (D.E. 40), and entered an amended Scheduling Order for Discovery, Mediation and Trial (D.E. 41).

5.      On March 14, 2014, after repeatedly attempting to confer with defendant FDOC regarding issues related to defendant FDOC's responses to discovery, Plaintiff filed his Second Motion to Compel regarding Plaintiff's initial discovery requests (D.E. 63).

6.      After a telephonic motion hearing regarding Plaintiff's Second Motion to Compel was conducted on April 24, 2014 (D.E. 83), the Court entered an Order that granted Plaintiff's Second Motion to Compel, established a May 14, 2014, deadline for defendant FDOC to again respond to discovery, found that all objections raised by defendant FDOC in response to Plaintiff's discovery requests were overruled, and held that defendant FDOC must pay the Plaintiff's reasonable attorneys' fees and costs (D.E.

84).    The Court subsequently entered a second Amended Scheduling and Case Management Order (D.E. 85).

7.      On May 7, 2014, undersigned counsel conferred with counsel for the defendant FDOC regarding amended responses to Plaintiff's initial discovery requests. The Parties subsequently conferred on May 9, May 12, and May 13, 2014.  During these conversations, counsel for defendant FDOC explained that while amended and verified responses to Plaintiff's First Set of Interrogatories would be provided promptly, the production of additional documents in response to this Court's Order on Plaintiff's Second Motion to Compel would take additional time.  Counsel for Plaintiff consented to the extension of time, and the Parties agreed to continue to communicate as additional documents were uncovered and produced.

8.      On May 14, 2014, Defendant FDOC served verified responses to Plaintiff's First Set of Interrogatories (D.E. 92).

9.      The Parties again conferred regarding the production of documents in response to Plaintiff's initial discovery requests on May 22, May 23, May 28, and June 2, 2014.

10.     On June 9, 2014, Plaintiff received defendant FDOC's First Supplemental Response to Plaintiff's First Request for Production of Documents.  On June 17, 2014, Plaintiff received defendant FDOC's Second Supplemental Response to Plaintiff's First Request for Production of Documents.

11.     On July 22, 2014, the Parties jointly moved for an extension of all pre-trial and trial deadlines, in order to complete initial discovery as counsel for defendant FDOC indicated that it had not yet completed its initial discovery production in response to this

Court's Order on Plaintiff's Second Motion to Compel (D.E. 99).  The Court entered a second amended Scheduling and Case Management Order on July 31, 2014 (D.E. 100).

12.     On July 23, 2014, counsel for defendant FDOC emailed undersigned counsel regarding its outstanding production.  Counsel for defendant FDOC stated that the FDOC's third round of production, which was to be sent soon, included "complete DOC Inspector General investigative files associated with those inmate complaints which are responsive to McMillan's production requests," and that the documents "appear to be covered under the language of the order directing the DOC to produce."  Counsel for defendant FDOC then went on to state, however, that it believed a large amount of the material to be "confidential under various Florida and/or federal laws," that it intended to file a motion for clarification and/or motion for protective order within the next two days, and that the defendant FDOC's third supplemental production would have "significant redactions."

13.     That same day, undersigned counsel responded to counsel for defendant FDOC, and stated that while Plaintiff was willing to review a motion for clarification, Plaintiff believed the Court had made it clear during the hearing on Plaintiff's Second Motion to Compel that "such information should be produced, that [the Court] had authority to order the production of such information within the context of the lawsuit, and [Plaintiff] did agree to keep such information confidential."  Alternatively, Plaintiff again offered to enter into a formal confidentiality agreement.

14.     On July 29, 2014, Plaintiff received defendant FDOC's Third Supplemental Response to Plaintiff's First Request for Production of Documents.  Defendant FDOC's Third Supplemental Response, alone, contained 1,750 pages of redacted material that was

removed from documents that were undeniably responsive to Plaintiff's First Request for Production of Documents.[1]

15.    While the defendant FDOC did not provide a typical redaction log with its production, each of defendant FDOC's three supplemental responses contained an index, which included citations and justifications for the majority of redactions.

16.    On August 28, 2014, undersigned counsel again attempted to confer with counsel for defendant FDOC regarding defendant FDOC's supplemental production and redactions.   In an email, undersigned counsel stated that "[a]fter reviewing both the materials produced, and the transcript of the Court's April 24th hearing, [Plaintiff] continues to believe that the Court made it clear that the documents requested should be produced un-redacted (whether redacted for HIPAA or security reasons), and that Plaintiff agreed to keep such information confidential.   Alternatively, we've repeatedly offered to enter into a more formal confidentiality agreement, if that would satisfy your concerns.   Further, and as was also discussed at the April 24th hearing, we do not believe that the redaction justifications that you provided – Florida's Public Records Act, PREA, and HIPAA – apply to the federal discovery process in this instance."   As such, undersigned counsel requested a time to meet by phone, to discuss the production issues and avoid further court intervention.

17.    On September 1, 2014, defendant FDOC sent Plaintiff a responsive letter and draft Motion for Clarification.   The draft Motion for Clarification received by Plaintiff did not contain any citations to statutory or case law which might have supported

---

[1] Defendant FDOC's three supplemental productions include a total of 2,006 redacted pages of responsive documents, and 50 additionally redacted emails.

defendant FDOC's position that its redactions were required by law, nor did it respond to Plaintiff's assertions that the justifications put forth by defendant FDOC in its supplemental production did not apply to the civil discovery process and had already been resolved by the Court.

18.   Over the next week, the Parties attempted to confer by phone regarding these issues, but were unable to do so, primarily due to scheduling conflicts by both parties.   Instead, defendant FDOC filed the instant Motion for Reconsideration, on September 8, 2014.

19.   To date, over four (4) months after this Court's Order compelling the production of this exact material – un-redacted - and over **fifteen (15) months** after initial service of the discovery request, defendant FDOC has <u>still</u> failed to fully and completely respond to Plaintiff's initial discovery requests, and, in addition to violating a direct Order of this Court, has continued to prevent Plaintiff from adequately pursuing discovery in this case, for well over a year.

20.   Because defendant FDOC has repeatedly failed to adequately respond to Plaintiff's initial discovery requests, even after two, fully litigated motions to compel and a Court Order compelling such production – and particularly given the egregious delays in this case – Plaintiff asks not only that the Court order defendant FDOC to immediately provide un-redacted documents in response to Plaintiff's initial discovery requests, but that the Court further properly find that defendant FDOC has waived all objections – either as untimely raised or as already resolved by this Court --  with respect to Plaintiff's initial discovery requests as well.  *See Bailey Indus. v. CLJP, Inc.*, 270 F.R.D. 662, 668 (N.D. Fla. 2010) ("Thus, as a general rule, when a party fails to timely object to

interrogatories, production requests, or other discovery efforts, the objections are deemed waived … [t]his is so even though a party had an objection to make.") (citing *Jaffe v. Grant*, 793 F.2d 1182, 1190 (11th Cir. 1986)); *Pitts v. Francis*, 2008 WL 2229524, *2 (N.D. Fla. 2008) (same); *Third Party Verification, Inc. v. SignatureLink, Inc.*, 2007 WL 1288361, *3 (M.D. Fla. 2007) (holding "[a] party who fails to file timely objections waives all objections, including those based on privilege or work product.") (internal citations omitted); *Deforest v. Johnny Chisholm Global Events, LLC*, 2009 U.S. Dist. LEXIS 126206, *12 (N.D. Fla. June 15, 2009) (same).

21.    Pursuant to Rule 37(b), Federal Rules of Civil Procedure, Plaintiff further requests his reasonable attorneys' fees and costs incurred in relation to this Response and as a result of the Defendant's inexcusable failure to comply with this Court's Order on Plaintiff's Second Motion to Compel, and all other and further relief as this Court deems just and equitable. [2] *See Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005) ("We have long acknowledged the broad discretion of the district court to impose sanctions.  This power derives from the court's inherent power to manage its own affairs and to achieve the orderly and expeditious disposition of cases.").

---

[2] "[W]hen a court sanctions a party for failure to comply with a court order, pursuant to Rule 37(b), the Federal Rules of Civil Procedure require the court to order the sanctioned party, the party's attorney, or both 'to pay the reasonable expenses, including attorney's fees, caused by the failure.'  As such, the Court is not limited to expenses specifically enumerated in 28 U.S.C § 1920."  *B-K Cypress Log Homes Inc. v. Auto-Owners Ins. Co.*, 2011 U.S. Dist. LEXIS 142643, 9-10 (N.D. Fla. Nov. 1, 2011), *citing* Fed. R. Civ. P. 37(b)(2)(C).

Should the Court grant Plaintiff's request pursuant to Rule 37(b), Plaintiff will provide an affidavit describing the costs incurred, the number of attorneys' fees reasonably expended, and the attorneys' hourly rates.

**DISCUSSION**

Each of defendant FDOC's justifications for the redaction of responsive material relates to one of three statutes – Florida's Public Records Act (Fla. Stat 119), the Health Insurance Portability and Accountability Act (HIPAA), and the Prison Rape Elimination Act (PREA).  As already discussed and resolved by this Court, however, and as clearly established by controlling law, these statutory justifications do not provide an exemption from production in response to discovery in civil litigation, as set forth below.[3]

**A.    Florida's Public Records Act**

In its Motion for Reconsideration, defendant FDOC spends the bulk of its time discussing Florida's Public Records Act (Fla. Stat. §§ 119.01-119.15), as well as other Florida statutes that similarly exempt certain documents from public disclosure.  *See Defendant's Motion for Reconsideration*, D.E. 103 at 4-5, 7-8, 11 (citing Fla. Stat. §§ 945.10, 119.071(4)(d)2a, 119.071(3)(a)1, and 281.301); *see also* Exhibit A, Plaintiff's Index of Documents Redacted by defendant FDOC (same).[4]

---

[3] For the Court's convenience, Plaintiff has created and attached an Index of the documents redacted by defendant FDOC, which includes the bates numbers of all redacted documents, a description of their contents, the request for production to which it pertains, and the justification provided by defendant FDOC, if any, for the redaction. Plaintiff's Index of Documents Redacted by Defendant FDOC is attached as Exhibit A.

[4] Fla. Stat. § 945.10 states, in pertinent part: "Except as otherwise provided by law or in this section, the following records and information held by the Department of Corrections are confidential and **exempt from the provisions of s. 119.07(1)** … (a) Mental health, medical, or substance abuse records of an inmate or offender." (emphasis added)

Fla. Stat. § 119.071 states, in pertinent part: "General Exemptions from inspection of copying of public records … [all security system plans] held by an agency [are] confidential and **exempt from s. 119.07(1)** … The home addresses, telephone numbers, social security numbers, dates of birth, and photographs of active or former sworn or civilian law enforcement personnel, including correctional and correctional probation officers … are **exempt from s. 119.07(1)**." (emphasis added)

In its Motion for Reconsideration, defendant FDOC correctly states that Florida's Public Records Act requires that FDOC records be "open for inspection by any person at any reasonable time and under any reasonable conditions," and that there are certain records that "enjoy a clear statutory exemption from disclosure." *See* Motion for Reconsideration at 7. While Plaintiff agrees that certain documents are exempt from public disclosure pursuant to a Ch. 119 public records request, Defendant FDOC fails to cite to even a single case, statute, or regulation which supports its contention that Florida's Public Records Act, or its exemptions, operate in any way to restrict the proper scope of discovery during litigation pursuant to the Federal Rules of Civil Procedure. This failure to provide supporting authority is unsurprising, as both the Court and Plaintiff have repeatedly informed defendant FDOC, for the previous four (4) months, that these statutory exemptions from public disclosure do not insulate relevant documents from discovery in civil litigation.

During this Court's April 24, 2014 hearing on Plaintiff's Second Motion to Compel, counsel for defendant FDOC repeatedly raised concerns regarding the release of investigatory reports, grievances, and policies which might be exempt from public disclosure pursuant to Florida's Public Records Act, HIPAA, or PREA. Contrary to defendant FDOC's baseless assertion that "the parties discussed confidentiality in a very general and superficial way with the court," or that "it was not and would not have been clear to the court at that time how the DOC maintains its records ... [or] the nature of that

---

Fla. Stat. § 281.301 states, in pertinent part: "Security systems; records and meetings exempt from **public access or disclosure** – Information related to the security systems for any property owned by or leased to the state or any of its political subdivisions ... are **exempt from ss. 119.07(1)** and 286.011 and other laws and rules requiring public access or disclosure." (emphasis added)

sensitive information," both the Court and the Parties expended a great deal of time and energy during the hearing discussing the very same concerns which defendant FDOC now continues to complain of in the instant Motion for Reconsideration.  Specifically, the Court noted and ordered:

> **Mr. Glickman (Plaintiff):**  The only issue is I see – the department attached a sample of one of the informal grievance logs as Exhibit C to their response, and half of the names are redacted.  There's not any indication as to why they've been redacted or for what purposes, but, obviously, this cross-checking process, it would be more difficult if we can't identify half of the inmates either on these formal or informal grievance logs.
>
> **Ms. Bradley (FDOC):**  Your Honor, the reason they were redacted – if I may, Your Honor, the reason there was redaction of names was because under federal law it requires them not to provide the information, and I think medical information as well.  So in cases where it was referred to medical or a person that may have been in medical, that name would have been redacted as well as if it was an allegation of sexual assault … but under federal law, we're required to redact that information.
> …
> **The Court:**  Yes, but like HIPAA, I'm 100 percent sure that [PREA], if it requires you to keep that confidential, that would mean for public disclosure.  I mean even under HIPAA, you're required to disclose information if the Court orders you to do that in a case like this.  I would have to believe that under the PREA, the same thing applies.
> …
> **The Court:**  Okay, well, I'm going to order that you produce those logs, as we just discussed.  Obviously it doesn't work if the names are redacted.  But they will be produced in confidence to Mr. Glickman, and then Mr. Glickman will not disclose that information to anyone other than the lawyers involved in this case and the experts and paraprofessionals, if any, involved in the case, absent further court order.  So, no one is going to get access to it other than Mr. Glickman, and it will allow Mr. Glickman and/or his staff and co-counsel to review the information and then identify for you the inmates who they believe may have been the subject of a sexual assault.

*See* Transcript of April 24, 2014 Court Hearing on Plaintiff's Second Motion to Compel, Exhibit B at p. 43-44.

Despite this clear instruction, defendant FDOC has blatantly ignored this Court's directive, and has now again produced – four (4) months after the Order and hearing transcribed above - informal and formal grievance logs, just as were produced prior to Plaintiff's Second Motion to Compel, in which the grieving inmates' names, identifying information, and grievance subject is redacted.    These redactions extend to documentation of instances of sexual assault, among other relevant instances, and are present in not only the informal and formal grievance logs requested by the Plaintiff and discussed by the Court, but also in investigatory reports from the Office of Inspector General, FDOC corrective action reports, Management Information Notification System (MINS) incident reports, and emails produced by defendant FDOC.   *See* Exhibit A, Plaintiff's Index of Documents Redacted by Defendant FDOC.

In addition to this Court's correct interpretation of Florida's Public Records Act and its inapplicability to civil discovery and this case, both federal and state courts within Florida have unequivocally held that Florida's Public Records Act and other Florida statutes which exempt certain records from public disclosure do not apply to the federal, civil discovery process.

In *Bolds v. Broward County Sheriff's Office, et al.*, Case No. 08-cv-60348-MGC, Order Declining to Adopt Magistrate Judge's Report And Recommendation (S.D. Fla. Mar. 21, 2011), the Broward County Sheriff's Office, citing the exact same chapter of Florida's Public Records Act as defendant FDOC cites here (Fla. Stat. § 119.071(4)(d)), argued that it did not have to provide personal address information for certain law enforcement officials in discovery because that information was exempted from Chapter 119, Florida Statutes.   The Court disagreed, holding that "[Chapter 119] exempts

disclosure of certain materials under the Public Records Act, but Florida law establishes that '[t]hat statutory provision does not create a privilege which would insulate such records from discovery in litigation.'"   *See* Exhibit C, *Bolds* Order at p. 2 (citations omitted).

In *Delaurentos v. Peguero*, 47 So. 3d 879, the Third District Court of Appeal of Florida was presented with a similar argument, presented by Miami-Dade County, that medical and psychological records of law enforcement officials "should not be produced because they are exempt from disclosure under the Public Records Act.  They rely on subparagraph 119.071(4)(b)1., Florida Statutes (2009)."   *Delaurentos*, 47 So. 3d 879, 881 (Fla. 3rd DCA 2010).   As should be the case here, the court rejected the County's argument pursuant to Florida's Public Records Act, and held that "[t]his argument, too, is without merit.  The cited statute simply provides an exemption in the event that a citizen makes a public records request for medical records.  That statutory provision does not create a privilege which would insulate such records from discovery in litigation."   *Id*.; *see also Wait v. Fla. Power & Light Co.*, 372 So. 2d 420, 425 (Fla. 1979) ("[W]e do not equate the acquisition of public documents under chapter 119 with the rights of discovery afforded a litigant by judicially-created rules of procedure.").[5]

_____

[5] The cases cited by defendant FDOC arise solely in the context of state administrative hearings, and are thus inapplicable to the case at hand.   *See* FDOC Motion for Reconsideration at 7 (citing *State v. Webb*, 786 So.2d 602 (Fla. 1st DCA 2001) and *Department of Health v. Poss*, 45 So.3d 510 (Fla. 1st DCA 2010)).

Nonetheless, in certain instances, the decisions cited by defendant FDOC actually run contrary to defendant FDOC's position.   *See* FDOC Motion for Reconsideration at 7, citing *Department of Professional Regulation v. Spiva*, 478 So.2d 382 (Fla. Dist. Ct. App. 1st Dist. 1985) ("The issue before us is whether the exemption of documents from disclosure pursuant to the Public Records Act, chapter 119, Florida Statutes, renders the

In line with the law cited above, as well as this Court's prior orders with respect to the production of un-redacted material in response to Plaintiff's initial discovery requests, Plaintiff requests that the Court overrule defendant FDOC's justifications for redaction of material pursuant to Florida's Public Records Act and other Florida statutes which exempt records from public disclosure (or, in the alternative, find that defendant FDOC has waived all objections to Plaintiff's initial discovery requests), and order defendant FDOC to pay Plaintiff's reasonable attorneys' fees and costs incurred in relation to this Response and as a result of the Defendant's failure to comply with this Court's Order on Plaintiff's Second Motion to Compel, and all other and further relief as this Court deems just and equitable.

### B.    Prison Rape Elimination Act (PREA)

In addition to redactions pursuant to Florida's Public Records Act, defendant FDOC has also argued that the Prison Rape Elimination Act (PREA) insulates certain records, responsive to Plaintiff's initial discovery requests, from the civil discovery process.  *See* Motion for Reconsideration at 4 ("records identifying non-party inmate victims of sexual abuse ... [are] protected from disclosure under 28 C.F.R. 115.89(c) (PREA)"); *see also* Exhibit A, Plaintiff's Index of Documents Redacted by Defendant FDOC.

Notably, while defendant FDOC cites repeatedly to this provision of PREA in arguing that it should not have to disclose sexual assault information in response to Plaintiff's discovery requests – or in response to this Court's direct order addressing PREA, specifically – defendant FDOC fails to include the actual text of the provision.  In

---

documents privileged and consequently excluded from discovery in an administrative proceeding.  We answer in the negative.").

pertinent part, 28 C.F.R. § 115.89(c) states: "Before making aggregated sexual abuse data **publicly available**, the agency shall remove all personal identifiers." (emphasis added). Again, defendant FDOC's complete lack of supporting authority on PREA's applicability to civil discovery is unsurprising, as the law only restricts the disclosure of publicly available material, and, as this Court has stated, does not insulate records from either the discovery process, or, as is the case here, from a direct Court Order.  *See* Transcript of April 24, 2014 Court Hearing on Plaintiff's Second Motion to Compel, Exhibit B at pp. 43-44.

As such, in accordance with the text of the Prison Rape Elimination Act, as well as this Court's prior orders with respect to the production of un-redacted material in response to Plaintiff's initial discovery requests, Plaintiff requests that the Court overrule defendant FDOC's justifications for redaction of material pursuant to the Prison Rape Elimination Act (or, in the alternative, find that defendant FDOC has waived all objections to Plaintiff's initial discovery requests), and order defendant FDOC to pay Plaintiff's reasonable attorneys' fees and costs incurred in relation to this Response and as a result of the Defendant's failure to comply with this Court's Order on Plaintiff's Second Motion to Compel, and all other and further relief as this Court deems just and equitable.

### C.    Health Insurance Portability and Accountability Act (HIPAA)

Defendant FDOC's final justification for the redaction of undeniably relevant and responsive material is the Health Insurance Portability and Accountability Act (HIPAA). In its Motion for Reconsideration, defendant FDOC argues that "medical records

belonging to non-party inmates … [are] protected from disclosure under 45 C.F.R. s. 164.502 (HIPAA)."  Motion for Reconsideration at 4.

As an initial matter, and as discussed more fully above, this Court has already ruled on the applicability of HIPAA to both the civil discovery process and this case in particular, and has ordered – over four (4) months ago -- that defendant FDOC produce informal and formal grievance logs, OIG investigatory documents, and other responsive materials un-redacted for the purposes of HIPAA.  *See* Transcript of April 24, 2014 Court Hearing on Plaintiff's Second Motion to Compel, Exhibit B at p. 43-44 ("[U]nder HIPAA, you're required to disclose information if the Court orders you to do that in a case like this.").   Defendant FDOC has ignored this clear directive.

Moreover, a plain reading of HIPAA itself demonstrates that defendant FDOC's position is untenable.   Again, while defendant FDOC fails to quote or cite to any particular provision of HIPAA, which it believes might insulate responsive materials from discovery – or from a court order – the text of the law itself is quite clear on the applicability of its protections to the civil discovery process.   45 C.F.R. § 164.502, which is the only provision of HIPAA cited by defendant FDOC, states: "(a)(1) Covered entities: Permitted uses and disclosures.  A covered entity is permitted to use or disclose protected health information as follows: … (vi) As permitted by and in compliance with this section, **§ 164.512**, § 164.514(e), (f), or (g)." (emphasis added).

45 C.F.R. § 164.512 then goes on to state:

**(e)(1) Permitted disclosures.**  A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:

**(ii)** In response to a subpoena, **discovery request**, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

**(B)** The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.

…

**(v)** For purposes of paragraph (e)(1) of this section, a qualified protective order means, with respect to protected health information requested under paragraph (e)(1)(ii) of this section, an order of a court or of an administrative tribunal **or a stipulation by the parties** to the litigation or administrative proceeding that:

**(A)** Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and

**(B)** Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

(Emphasis added).

Based on the provisions of HIPAA cited by defendant FDOC, and as told to defendant FDOC repeatedly by the Court and the Plaintiff over the previous four (4) months, defendant FDOC must disclose the requested information, un-redacted, so long as the Parties enter into a stipulated protective order that meets the requirements of 45 C.F.R. § 164.512(e)(1)(v), as detailed above.   Plaintiff has made numerous offers to enter into exactly such a protective order or confidentiality agreement, and defendant FDOC has provided absolutely no reasonable justification for either its violation of this

16

Court's order and the production of still-redacted materials, or for its refusal to enter into a protective order as contemplated by HIPAA.[6]

Finally, in addition to this Court's clear directive and a plain reading of the HIPAA provisions that defendant FDOC itself cites, well established case law also demonstrates that defendant FDOC was, and continues to be, under an obligation to produce the requested materials, without redactions.  *See Smith v. Lawrence*, 2013 U.S. Dist. LEXIS 154403, 4-5 (M.D. Fla. Oct. 22, 2013) ("[U]nder HIPAA[,] disclosure without written authorization of the individual or the opportunity for the individual to object is permitted pursuant to a subpoena or discovery request when the healthcare provider receives satisfactory assurance from the party seeking information that reasonable efforts have been made by that party to secure a qualified protective order … [t]herefore, the Department of Corrections may disclose the medical grievances to defense counsel pursuant to a protective order that satisfies HIPAA's confidentiality requirements.") (quoting *State Farm Mut. Auto. Ins. Co. v. Kugler*, 840 F. Supp. 2d 1323, 1328 (S.D. Fla. 2011)); *see also Graham v. Witalec*, 2011 U.S. Dist. LEXIS 38061, 3-7 (N.D. Fla. Apr. 7, 2011) ("[T]he Court suggests that Defendants present to the Court an appropriately-tailored qualified protective order that complies with the HIPAA

---

[6] The only cases cited by defendant FDOC in support of its contention that it cannot enter into a protective order prior to producing relevant material again involve only requests made pursuant to Florida's Public Records Act, and have no applicability to any issue raised in defendant FDOC's Motion.  *See* Motion for Reconsideration at 6-7 (citing *The Tribune Co. v. Hardee Memorial Hospital*, no. CA-91-370 (Fla. 10th Cir. Ct., 1991) (holding that a confidentiality provision in a public settlement agreement does not insulate it from a Ch. 119 request); *Browning v. Walton*, 351 So.2d 380 (Fla. 4th DCA 1977) (holding that individuals may not create their own exemptions to Florida's Public Records Act); *Sepro Corp. v. Florida Department of Environmental Protection*, 839 So.2d 781 (Fla. 1st DCA 2005) (same)).

regulations governing the disclosure of protected health information in the course of a judicial or administrative proceeding.") (citing 45 C.F.R. § 164.512(e)(1)(v)).

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order (1) denying Defendant's Motion for Reconsideration; (2) requiring defendant FDOC to fully and properly respond to all outstanding discovery requests, including the removal of all existing redactions to documents already produced; (3) deeming all past, current and future objections to Plaintiff's First Request for Production of Documents overruled and/or waived; (4) warning that adverse inferences will be considered with all areas of inquiry which are still not fully responded to; (5) extending the time for Plaintiff to file a Third Motion to Compel, until thirty (30) days after the receipt of un-redacted versions of all currently produced documents; (6) requiring defendant FDOC to pay Plaintiff his reasonable attorneys' fees and costs incurred in relation to this Response and as a result of the Defendant's inexcusable failure to comply with this Court's Order on Plaintiff's Second Motion to Compel and/or move to clarify within a reasonable amount of time; (7) extending all future deadlines in this case by no less than an additional four (4) months, in order to compensate Plaintiff for the time lost as a result of defendant FDOC's continued refusal to cooperate in good-faith discovery, and to allow Plaintiff and his experts the opportunity to conduct discovery in a timely fashion and litigate this case on its merits; and (8) all other and further relief as this Court deems just and equitable.

Respectfully submitted,

Joshua A. Glickman, Esq.
Florida Bar No. 43994
josh@sjlawcollective.com
Shawn A. Heller, Esq.

Florida Bar No. 46346
shawn@sjlawcollective.com

Social Justice Law Collective, PL
P.O. Box 70327
Washington, DC 20024
(202) 709-5744
(866) 893-0416 (Fax)

Alvin L. Peters, Esq.
Florida Bar No. 0473030
25 East 8th St.
Panama City, FL 32401

Attorneys for the Plaintiff

By:   _s/ Joshua A. Glickman_____
          Joshua A. Glickman, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 26, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

By:   _s/ Joshua A. Glickman_____
          Joshua A. Glickman, Esq.

19