IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LEMUEL MCMILLAN,

    Plaintiff,
v.                                                       CASE NO. 5:13-cv-292-WS-GRJ

DEPARTMENT OF CORRECTIONS,
et al.,

    Defendants.
_____/

## **O R D E R**

This case came before the Court on September 2, 2015, for a telephonic hearing on Doc. 134, Plaintiff's motion to exclude Defendants' proposed rebuttal expert and to prohibit Defendants from offering expert testimony, and Doc. 135, Defendants' motion for protective order in connection with Plaintiff's Fed. R. Civ. P. 30(b)(6) deposition notice. Each party has filed a response in opposition to the other party's motion. Docs. 136, 137. For the reasons stated on the record at the hearing, and as summarized below, the Court concludes that the motions are due to be denied. The Court further concludes that Plaintiff is not entitled to an award of fees and costs in connection with Defendants' motion for protective order. The Court finds, however, that the case management deadlines relating to the scheduling of depositions should be modified to permit Plaintiff to take the deposition of Defendants' rebuttal expert prior to Defendants' deposition of Plaintiff's expert, and that Defendants will be required to bear the cost of Plaintiff's deposition of Defendants' rebuttal expert.

**1.**     **Plaintiff's Motion to Exclude Proposed Rebuttal Expert**

To briefly summarize, the deadlines for expert disclosures in this case have been

modified on several occasions, with the final deadlines established in the Court's fifth amended scheduling and case management order, Doc. 128. Pursuant to that order, Plaintiff's Rule 26(a)(2) disclosures were to be made by May 18, 2015, and Defendants by July 10, 2015. Rebuttal experts were to be disclosed within 30 days after the opposing party's disclosure. Doc. 128.

Plaintiff's motion, Doc. 134, reflects that Plaintiff's expert, Ron McAndrew, was disclosed and his opinion report provided on May 18, 2015. In accordance with the Court's case management order, Defendants' rebuttal expert disclosure was due on June 17, 2015. On June 19, 2015 – two days after the rebuttal disclosure deadline – counsel for Defendants emailed to Plaintiff the names of two potential rebuttal experts, including Max Linn, Ph.D., but neither expert had yet been retained and no rebuttal report was provided. Doc. 134. Dr. Linn's rebuttal report was not provided to Plaintiff until August 24, 2015. Doc. 136 (Defendants' response in opposition to Plaintiff's motion). Depositions in this case were due to be completed by August 19, 2015, and all discovery was due to be completed by August 31, 2015. *See* Doc. 130. Plaintiff contends that exclusion of Defendants' expert is an appropriate sanction for Defendants' failure to timely disclose Dr. Linn and his opinion.

Pursuant to Fed. R. Civ. P. 26(a)(2)(D), a party is required to disclose its expert opinion reports "at the times and in the sequence that the court orders." Absent a stipulation or court order, expert evidence intended to "contradict or rebut evidence on the same subject matter identified by another party," must be disclosed within 30 days after the other party's disclosure. Fed.R.Civ.P. 26(a)(2)(D)(ii). In this case, the court's case management orders mirrored the requirements of Rule 26. Defendants do not

dispute that Dr. Linn's opinion was not disclosed within the 30 day period, nor do they dispute that the opinion is a rebuttal opinion within the meaning of the rule. Counsel for Defendants conceded at the telephonic hearing that she never sought the Court's intervention in extending deadlines for rebuttal expert disclosure, and that it would have been prudent to do so.

If a party fails to provide timely disclosures, the Court, pursuant to Fed.R.Civ.P. 37(c)(1), may impose "appropriate sanctions," including prohibiting the offending party from using the evidence. In determining whether to sanction a party and exclude the party's expert witness evidence, courts have looked to the following four factors as instructive: (1) prejudice to the opposing party; (2) ability of that party to cure the prejudice; (3) the extent to which the expert testimony would disrupt or delay the orderly and efficient progression of the case; and (4) bad faith or wilfulness in failing to comply with the court's order. *NAACP v. Florida Dept. of Corrections* 2002 WL 34708021, *1 (M.D. Fla. 2002) (unpublished) (citing *MacDonald v. United States*, 767 F.Supp. 1295, 1298 (M.D. Pa.1991); *DeMarines v. KLM Royal Dutch Airlines*, 580 F.2d 1193, 1201 (3rd Cir. 1978)).

In this case, the Court concludes that Dr. Linn's report and testimony should not be excluded. Such a sanction is a drastic one, and the Court is persuaded that Dr. Linn's opinion is central to Defendants' defense to Plaintiff's claims. Moreover, any prejudice to Plaintiff in this case is lessened by the fact that this case is presently not set for trial.

While the Court finds that exclusion is too drastic a remedy, the Court is persuaded that a lesser sanction is appropriate in view of Defendants' failure to comply

with the Court's case management deadlines and the requirements of Rule 26, and Defendants' lack of justification in failing to seek an extension of the deadlines. During the telephonic hearing, Plaintiff stated that each party would bear its own expert deposition costs. Plaintiff subsequently filed a "notice" informing the Court that counsel misstated that the parties had made any arrangement regarding payment of experts for deposition, and that in light of the issues raised at the hearing it would be appropriate to require Defendants to bear the cost of Plaintiff's deposition of Dr. Linn. Doc. 141. The Court concludes that an appropriate sanction for the Defendants' failure to timely disclose the rebuttal expert opinion is to permit Plaintiff to take Dr. Linn's deposition prior to the deposition of Plaintiff's expert, Ron McAndrew, and to require the Defendants to bear the cost of Plaintiff's deposition of Dr. Linn.

2. **Defendant's Motion for Protective Order**

Defendants have moved for a protective order to prohibit or limit Plaintiff's Rule 30(b)(6) deposition of a DOC representative or representatives. Defendants argue that Plaintiff's deposition notice contains "23 separate and detailed subject areas of testimony, with several of the subject areas containing sub-parts," that are duplicative of discovery that has already been produced to Plaintiff. Defendants argue that the notice is "unreasonably cumulative and duplicative," was served only two weeks before the discovery cutoff, "seeks discovery that is not relevant to the allegations raised in plaintiff's complaint," and is overly broad. Counsel for Defendants certifies that she attempted to contact Plaintiff's counsel on three occasions to discuss the scope of the notice and that many of the subject areas would require "multiple DOC witnesses" who could not be produced by the noticed deposition date of August 20, 2015. Doc. 135.

In Plaintiff's response in opposition to the motion for protective order, counsel for Plaintiff disputes that counsel for Defendants engaged in a meaningful effort to confer regarding the scope of the deposition notice or the identification of a proper DOC representative to designate. Counsel for Plaintiff asked counsel for Defendants, via phone message, to provide alternative deposition dates and indicated a willingness to discuss the subject areas for deposition, but counsel for Defendants did not respond. Plaintiff subsequently prepared a Revised Notice of Deposition, Doc. 137 Exh. A, agreeing to limit certain areas of inquiry.

The Court concludes that Defendants' motion for protective order is not well-taken because it reflects a fundamental misunderstanding regarding the purpose of a Rule 30(b)(6) deposition and the Court's role in resolving disputes arising in connection with such depositions. Fed. R. Civ. Pro. 30(b)(6) ["Notice or Subpoena Directed to an Organization"] provides, in pertinent part:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; ... The persons designated must testify about information known or reasonably available to the organization.

(emphasis added).

As this Court has explained:

> The proper operation of [Rule 30(b)(6)] does not require a process of objection and Court intervention prior to the deposition regarding disputed topic designations. *New World Network Ltd. v. M/V Norwegian Sea*, 2007 WL 1068124, *3 (S.D.Fla. April 6, 2007). Instead, the process should be extrajudicial by way of the corporate deponent objecting to the designation topics by notice to the requesting party . . . . The requesting party then has the obligation to reconsider the topics, narrow the scope of the topics

or remain firm in its position and "seek to compel additional answers if necessary, following the deposition." *Id*. Thus, Defendants in this case simply should have proceeded with the deposition and then after the deposition if there were disputes regarding any privilege objections raised during the deposition or objections regarding the scope, the Court could then have addressed the issues either through a motion to compel or through a motion for protective order with the benefit of the transcript containing questions and answers (or objections of privilege based upon specific questions). Thus, Plaintiff's request to limit the areas of examination before the deposition has taken place on the grounds of scope or relevancy and Defendants' request to compel examination on all of the topics listed in the notice of deposition are premature.

*F.D.I.C. v. Brudnicki*, 2013 WL 5814494, *2 (N.D. Fla. 2013).

In *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676 (S.D. Fla. 2012), the court provided a comprehensive summary of the case law "outlining the guiding principles of 30(b)(6) depositions," the purpose of which is to "streamline the discovery process," rather than mire the parties and the Court in unnecessary pre-deposition disputes. As this Court reminded counsel for Defendants at the telephonic hearing, "[a] corporation has an affirmative duty to provide a witness who is able to provide binding answers on behalf of the corporation" but such witness "need not have personal knowledge of the designated subject matter." *QBE Ins. Corp.*, 277 F.R.D. at 688 (citing *Ecclesiastes 9:10-11-12, Inc. V. LMC Holding Co.*, 497 F.3d 1135, 1147 (10th Cir. 2007). While it may be necessary to designate more than one deponent to address the relevant areas of inquiry in the deposition notice, "[t]he rule does not expressly or implicitly require the corporation or entity to produce the 'person most knowledgeable' for the corporate deposition." *Id*.

Accordingly, the Court concludes that Defendants must go forward with the Rule 30(b)(6) deposition of a corporate representative as noticed in Plaintiff's Revised Notice

of Deposition attached as an exhibit to Doc. 137. As addressed at the hearing, the parties are encouraged to meaningfully discuss the subject matter of the deposition, including any concerns regarding disclosure of potentially sensitive information. An area of concern raised in the motion and at the hearing is the disclosure of information pertaining to the NWFRC security system. The Court previously entered a protective order governing the disclosure of such information. Doc. 107. To the extent not already covered by that protective order, Defendants can move to seal deposition testimony relating to that information. If Defendants want specific wording in a protective order addressing that information, a proposed order may be submitted to the Court.

As a final matter, Plaintiff requests an award of fee and costs in responding to Defendants' motion for protective order, in view of Defendants' asserted failure to cooperate in discovery and meaningfully confer with Plaintiff before filing the motion. Doc. 137. Fed. R. Civ. P. 37(a)(5)(A) requires that the Court must require an opposing party to pay reasonable expenses, including attorney's fees, unless the opposing party's nondisclosure, response, or objection was "substantially justified" or "other circumstances make an award of expenses unjust." In this case, the Court concludes that an award of fees and expenses would be unjust. Although the Court finds that some of counsel's objections in the motion for protective order are not sound, some concerns – such as those pertaining to disclosure of security system information – are valid, and counsel made at least some effort to confer with counsel for Plaintiff before filing the motion.

Accordingly, for the foregoing reasons, is **ORDERED:**

1. Plaintiff's motion to exclude rebuttal expert testimony, Doc. 134, is **DENIED.**

2. Defendants' motion for protective order, Doc. 135, is **DENIED.**

3. The Court's Scheduling and Case Management Order is **AMENDED** to the following extent:

> (A) Expert depositions must be scheduled during the **week of September 14, 2015**, with the deposition of Defendants' rebuttal expert scheduled first. Defendants must bear the cost of Plaintiff's deposition of the rebuttal expert.
>
> (B) The Rule 30(b)(6) deposition of Defendants' representative must be completed **before September 18, 2015.**

4. To the extent not in conflict with this Order, the parties' Joint Report (Doc. 31), and the Court's previous case management orders remain in effect.

**DONE AND ORDERED** this 3rd day of September 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge